THE MECHANICS' SAVINGS BANK v. H. B. HARDING.
No. 12,741.    (70 Pac. 655.)

| 65 | 655 |
| 66 | 78 |

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Summons in Error.*    A summons in error, issued within time, may be served on the attorney of record in the original case notwithstanding it does not contain the name of such attorney, the same being sufficiently formal in all other respects.

2. ——— *Presumption as to Time of Filing Motion for New Trial.*    Where the record shows that the verdict was returned and judgment entered June 26, and on June 27 the motion for a new trial was filed, which was considered by the court and overruled, and there is nothing in the record indicating that the motion was not filed at the term at which the judgment was rendered, or that it was overruled because not so filed, this court will not presume that it was not filed at such term.

3. ——— *Petition in Error Filed Later than One Year.*    If a petition in error is not filed in this court within one year from the return of the verdict and the rendition of the judgment thereon, but is filed within one year from the time the motion for a new trial was overruled, this court can only review such alleged errors as are involved in the motion for a new trial.

4. ——— *Error of Law Occurring at the Trial.*    An alleged error in overruling a demurrer to a petition is not an error of law

occurring at the trial, and, therefore, cannot be reviewed by this court unless the petition in error was filed within one year from the rendition of the judgment.

D. EVIDENCE— *Objection Must be Specific*. An objection to the introduction in evidence of an unauthenticated judgment, that it is incompetent, irrelevant, and immaterial, is not sufficiently specific to call the attention of the court to its defective certification or its entire want of certification, and it is not error for the court to overrule such objection.

Error from Montgomery district court; A. H. SKID-MORE, judge. Opinion filed November 8, 1902. Affirmed.

*T. S. Salathiel*, for plaintiff in error.

*S. S. Kirkpatrick & Son*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The defendant in error recovered judgment against the Bank of Le Roy, Kansas. During the life of the judgment, but more than ten years after the cause of action accrued against the stockholders of the bank, the defendant in error commenced the present action, seeking to hold the plaintiff in error, a banking corporation of Rhode Island, as a stockholder in the Bank of Le Roy. To avoid the statute of limitations, the petition contained the following allegations:

"That it, the said Mechanics' Savings Bank, of Westerly, Rhode Island, is a corporation, duly organized under the laws of the state of Rhode Island, and has its domicile at Westerly, in said state, and has been so incorporated for more than fifteen years last past, and during its entire existence has been a resident and citizen of the state of Rhode Island, never having a place of business, domicile or residence in the state of Kansas."

Judgment was for plaintiff and defendant prosecutes error.

The defendant in error moves to dismiss this cause on jurisdictional grounds.   His first contention is overruled, on the authority of Railway Co. v. Morris, ante, p. 532, 70 Pac. 652.

The summons in error commanded the sheriff to summon the defendant, but did not include the name of the attorney of record in the original case, and was served on such attorney.   Counsel contend that the officer is limited in the service of process to the recitals therein, and that such service gave this court no jurisdiction of the defendant in error.   Section 544 of the code (Gen. Stat. 1901, § 5028) provides:

"A service on the attorney of record in the original case shall be sufficient.   The summons shall notify the adverse party that a petition in error has been filed in a certain case, naming it, and shall be made returnable on or before the first day of the term of the court, if issued in vacation, and ten days before the commencement of the term."

Under this provision of the statute, if the summons is properly issued to the adverse party, it may be served on the attorney of record in the original case, and such service is good notwithstanding the name of the attorney is not included in the summons.

It is contended that the record does not affirmatively show that the motion for a new trial was filed at the same term at which the verdict was returned and judgment rendered.   The verdict was returned and judgment rendered June 26, 1901, and motion for a new trial was filed June 27.   There is nothing in the record indicating that the term had adjourned in the meantime.   It also appears that the motion was argued by counsel and considered by the court. Where it is shown that the court considered the motion for a new trial, and it is not shown that it was

42—65 KAN.

filed after the term of court at which the verdict was returned, this court will not assume that it was filed after the term.    Error is never presumed, but must be affirmatively shown.    This court will indulge in no presumptions that the successive steps in this proceeding, which appear regular and timely, were not regularly and timely taken.    The application to dismiss is overruled.

The verdict of the jury was returned and judgment entered thereon June 26, 1901.    It is also true that on the 30th day of June, after the motion for a new trial was overruled, another judgment appears to have been entered, but the judgment of June 26 was the act of the court, is in due form, and is held to be the judgment in the cause for the purpose of examining the alleged errors.

The causes alleged in the motion for a new trial are those designated as 2, 5, 7 and 8 of section 306 of the code (Gen. Stat. 1901, § 4754).    The petition in error was not filed until more than one year after the entry of the judgment of June 26, 1901, but was filed within one year after the overruling of the motion for a new trial.    Therefore, this court can only review such alleged errors as are included in the motion for a new trial.    (*Sweet v. Ward*, 43 Kan. 695, 23 Pac. 941; *Dyal v. City of Topeka*, 35 id. 62, 10 Pac. 161; *Lamme v. Schilling*, 25 id. 92; *Sanford v. Weeks*, 50 id. 339, 31 Pac. 1008.)

Plaintiff in error contends that the court erred in overruling its demurrer to the petition.    It will be observed that the overruling or sustaining of a demurrer to a pleading is not mentioned in section 306 of the code, nor is it included in the meaning of the eighth subdivision of the section as an "error of law occurring at the trial."    Pleading is not strictly a part of

a trial. The trial does not commence until an issue of fact is joined. Such issue is generally joined in vacation, and it not infrequently happens that the issue is closed at a term of court previous to the one at which the trial is had, and in many instances before one judge and the trial not had until he is succeeded by another. The alleged error in overruling the demurrer to the petition was not an error of law occurring at the trial, and cannot, for this reason, be reviewed by this court.

At the trial the plaintiff offered in evidence what purported to be a transcript of the judgment obtained against the Bank of Le Roy. The defendant objected to its introduction on the grounds that it was "incompetent, irrelevant, and immaterial." This objection was overruled, and we think properly so. It is argued that the transcript was not properly authenticated. If that objection had been made it should have been sustained. Objections to testimony should be sufficiently specific to direct the attention of the trial court to the exact question contended for. This is due the court as well as the opposite party.

It was said in *Howard v. Howard*, 52 Kan. 469, 477, 34 Pac. 1117: "Objections to testimony should be sufficiently pointed out, in order that the court may rule intelligently upon them, and, unless this is done, they are not entitled to consideration here." In *Johnston v. Clements*, 25 Kan. 376, where the objection was based "on all the grounds ever known or heard of," it was said: "The court should not have entertained these objections. Objections made in that form are unfair, both to the court and to the adverse party." In *K. P. Rly. Co. v. Cutter*, 19 Kan. 83, a transcript of the record of the proceedings of a probate court of Colorado was admitted in evidence over the objection that

it was incompetent. It was held by this court that such objection would not raise the question of the insufficient authentication of the record. In *Ferguson v. Graves*, 12 Kan. 39, 43, it was said :

"And that where evidence is apparently admissible for any purpose, or under any circumstances, the court does not err in admitting the same, unless the reasons for its exclusion are given by the party objecting, has been repeatedly decided by this court." (See, also, *MacRae v. Piano Co.*, 64 Kan. 580, 68 Pac. 54; *Priest v. Robinson*, 64 id. 416, 67 Pac. 851.)

A trial court has neither the time nor the opportunity to examine documentary evidence when offered to see that it is in all respects in due form and subject to no objection. If it is admissible for any purpose, or under any circumstances, it is the duty of the party objecting distinctly to call the attention of the court to such defect. A neglect to do so will deprive such party of having the question reviewed in this court.

It is further urged that the court erred in overruling an objection made to the introduction of a copy of an annual report made by the treasurer of the plaintiff to the secretary of state of the state of Rhode Island, setting out its items of assets and liabilities. The statute of Rhode Island was introduced in evidence, showing that such statement was required to be made annually by such corporations. This report was offered for the purpose of showing that it included stock in the Bank of Le Roy as an item of assets. Whether the court erred in its ruling on this question is not important, as the treasurer of the bank testified that he had made the report, and that it did contain such stock as one item of its assets.

There are numerous other alleged errors in the ruling of the court in the admission and exclusion of evi-

dence, as well as the giving and refusing of instructions, but, upon an examination, we find nothing that requires an extended reference in this opinion.. The special findings and verdict of the jury were sufficiently supported by the evidence.

The judgment is, therefore, affirmed.

All the Justices concurring.