No. 19,822.

W. H. TUCKER, *Appellee,* v. ARTHUR TUCKER, *Appellee,* (CHARLES S. EAGLE, Intervenor, *Appellant*).

SYLLABUS BY THE COURT.

NOTICE OF APPEAL—*Given Too Late—Appeal Dismissed.* A judgment was rendered April 17, 1914. A motion for new trial was filed in time but was not decided until November·14, 1914. The notice of appeal, served November 19, 1914, recited that the intervenor appealed "from the judgment and decision of this court, entered herein about April 17, 1914." *Held,* that such notice was too late and the appeal must be dismissed for want of jurisdiction.

˙Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed January 8, 1916. Dismissed.

*T. F. Garver,* and *R. D. Garver,* both of Topeka, for the appellant.

*Clad Hamilton,* and *Clay Hamilton,* both of Topeka, for the appellees.

The opinion of the court was delivered by

WEST, ·J.: This appeal involves the validity of a chattel mortgage, a question ably briefed and presented, but the pleasant duty of considering and determining this question is obviated by the somewhat unpleasant obligation resting upon us to dismiss the appeal.

The journal entry recites that the judgment was rendered April 17, 1914. A motion for new trial was filed within three days but was not passed upon until November 14, 1914. November 19, 1914, the notice of appeal was served, and aside from caption and signature was in the following language:

"Notice is hereby given that Charles S. Eagle appeals to the Supreme Court from the judgment and decision of this court, entered herein about April 17, 1914, on the interplea of Charles S. Eagle, in so far as said judgment and decision holds the chattel mortgage of said Charles S. Eagle to be invalid."

It will be observed that this notice was served more than seven months after the date of the rendition of the judgment.

When the motion for a new trial was decided the time for appeal from the original judgment had already expired. Hence it was necessary in order to present a matter of which we would have jurisdiction to appeal from the order denying the motion for a new trial. This was not done. The notice limited the appeal to the original judgment, or to such part thereof as upheld the validity of the mortgage.

It is urged that the plaintiff should not be heard on his motion or suggestion in his brief that the appeal be dismissed for the reason that he should have called the attention of the court to the matter in proper time and by proper motion under rule 10, but the statute leaves this court without jurisdiction unless the appeal be taken within six months from the rendition of the judgment or order appealed from. (Laws 1913, ch. 241, § 1.)

This jurisdiction is vested by statute only, and no estoppel, laches or informality of a party can confer it. Neither does failure to raise the question relieve us of the duty to decline, even of our own motion, the exercise of jurisdiction which we do not possess. (*Adolph Cohen v. C. B. Trowbridge,* 6 Kan. 385; *Hodgden v. Comm'rs of Ellsworth Co.,* 10 Kan. 637; *Toof v. Cragun,* 53 Kan. 139, 35 Pac. 1103; *Zinkeisen v. Lewis,* 71 Kan. 837, 80 Pac. 44; *Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539; *Hawkins v. Brown,* 78 Kan. 284, syl. ¶ 1, 97 Pac. 479; *Trader v. School District,* 86 Kan. 878, 122 Pac. 895; *Nuhfer v. Flanagan,* 87 Kan. 420, 124 Pac. 418.)

The appeal is dismissed.