Slimmer v. Rice.

---

No. 20,388.

D. W. SLIMMER, *Appellant,* v. DENNIS D. RICE et al., *Appellees.*

### SYLLABUS BY THE COURT.

APPEAL—*Order Sustaining Demurrer—Time in Which Appeal May be Taken.* On appeal from a judgment dismissing an action for failure to amend after a demurrer has been sustained to the petition, the ruling sustaining the demurrer can not be reviewed if it was made more than six months before the appeal was perfected.

Appeal from Phillips district court; WILLIAM S. LANGMADE, judge. Opinion filed November 11, 1916. Dismissed.

*F. T. Woodburn, E. D. Woodburn,* both of Holton, and *A. E. Crane,* of Topeka, for the appellant.

*R. Frank Stinson,* of Phillipsburg, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for breach of the covenants contained in a warranty deed. A demurrer was sustained to the petition on January 15, 1915. Leave was given to amend and the cause was continued to the next term. At the next term and on April 23, 1915, the action was dismissed, no amendment having been filed. On September 7, 1915, the plaintiff appealed from the judgment of April 23, 1915. Error is assigned on the ruling sustaining the demurrer.

The assignment of error can not be considered, because the appeal was not perfected within six months from the date of the rendition of the order sustaining the demurrer. Section 565 of the code provides that this court may reverse an order of the district court which sustains or overrules a demurrer. Therefore such an order is independently appealable. The code also provides that the appeal shall be perfected within six months from the date of the rendition of the order appealed from. (Civ. Code, § 572, as amended by Laws 1913, ch. 241.) The amendment of 1913 merely reduced the time within which an appeal may be taken from one year to six months. In the case of *White v. Railway Co.*, 74 Kan. 778, 88 Pac. 54, it was said:

"This court is committed to the proposition that whenever a year elapses after the making of an intermediate appealable order without a petition in error being filed, the right is lost to review such order, either by a separate proceeding directed against that very ruling or in the course of an effort to procure the reversal of the final judgment." (p. 782.)

That case involved a ruling on a demurrer to evidence. The following cases, involving rulings on demurrers to pleadings, support the quoted statement: *Blackwood v. Shaffer*, 44 Kan. 273, 24 Pac. 423; *Corum v. Hubbard*, 69 Kan. 608, 77 Pac. 530; *Railway Co. v. Murphy*, 75 Kan. 707, 90 Pac. 290; *Hawkins v. Brown*, 78 Kan. 284, 97 Pac. 479. Those decisions were rendered under the statute as it stood before the amendment to section 572 took effect. The change in the length of time within which an appeal may be taken does not, of course, affect the principle. No error in the judgment of dismissal, considered alone, is urged.

The appeal is dismissed.