No. 22,211.

I. E. BUZBEE, *Appellee,* v. GEORGE MORSTORF, *Appellant.*

OPINION ON REHEARING.

HEADNOTE BY THE REPORTER.

1. APPEAL—*Time in Which an Appeal from a Judgment Must be Taken.* An appeal from a judgment of the district court, to be effective, must be perfected within six months from the date of its rendition, and the pendency of a motion for a new trial does not operate to extend the time in which an appeal from such judgment may be taken.

2. NOTICE OF APPEAL—*Scope of.* The serving and filing of a notice that a party appeals from a judgment rendered against him on a specified date does not effect an appeal from an order made after that date, and before the service of such notice, overruling a motion for a new trial. (*Tucker v. Tucker,* 97 Kan. 61, 154 Pac. 269, and *Bank v. Bank,* 102 Kan. 412, 171 Pac. 10, followed.) Such an appeal, when taken more than six months after the judgment referred to, presents nothing for the consideration of this court and will be dismissed.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 5, 1919. Rehearing denied.

*Joseph G. Waters, John C. Waters, Bennett R. Wheeler,* and *John F. Switzer,* all of Topeka, for the appellant.

*A. E. Crane, Oscar Raines, R. F. Hayden,* and *George P. Hayden,* all of Topeka, for the appellee.

*Per Curiam:* On April 23, 1918, a judgment was rendered upon a verdict in favor of the plaintiff, accompanied by answers to special questions. A motion for a new trial was filed by the defendant in due time, but was not ruled on until October 26, 1918, when it was denied. Two days later the defendant gave notice that it appealed "from the judgment and decision rendered in the above-entitled cause and court on the 23d day of April, 1918, and from each and every part of said judgment and decision." A motion to dismiss the appeal was sustained on the ground that it had not been taken within six months of the rendition of the judgment appealed from. A motion for a rehearing has now been filed.

No opinion was written at the time the appeal was dismissed, because it was thought the questions of practice involved had

Buzbee v. Morstorf.

been fully settled by prior decisions, particularly by *Tucker v. Tucker,* 97 Kan. 61, 154 Pac. 269, where the situation was substantially the same as in the present case, the appeal, which was described in the notice as relating to the judgment of April 17, having been dismissed because not taken until November 19, although a motion for a new trial had been overruled on November 14. In the argument against the motion to dismiss in the present case, the defendant sought to distinguish it from that just referred to, on the ground that there the appellant, instead of appealing from the judgment as a whole, specified in his notice that he appealed from it in so far as it held a certain chattel mortgage to be invalid. The validity of the mortgage, however, was the issue in which the appellant (who was an intervener) was concerned, and his motion for a new trial was addressed to that issue, so that if taking an appeal from a judgment gave the right to review a ruling on a post-judgment motion for a new trial, a dismissal would not have been required.

In the application for a rehearing it is further urged that the decision dismissing the appeal is in conflict with *Townsend v. Railway Co.,* 86 Kan. 972, 122 Pac. 1119. There a notice that a party appealed from the judgment against him was held to bring up for review the ruling denying his motion for a new trial. The motion, however, had been ruled upon before the judgment was rendered, and the principle applied was that all prior rulings affecting the judgment were deemed to enter into and become a part of it. But in *Tucker v. Tucker,* supra, the court declined to extend the rule so as to interpret a notice that an appeal was taken from a judgment which had been rendered on a specified day, as covering a ruling made at a later date on a motion for a new trial. In *Bank v. Bank,* 102 Kan. 412, 414, 415, 418, 171 Pac. 10, the same situation was presented. It was there held that nothing was presented for review, because the notice of appeal referred only to a judgment rendered before the motion for a new trial was denied, the rulings complained of not being reviewable except on an appeal from such a denial.

The judgment here involved, immediately upon its rendition, was capable of sustaining an appeal in which any prior rulings could be examined, excepting those made in the course of the trial of the issue of fact (*Ritchie v. K. N. & D. Rly. Co.,* 55 Kan.

Grain Co. v. Railway Co.

36, 39 Pac. 718), or those which would have supported an independent appeal on which the bar had run. (*Slimmer v. Rice,* 99 Kan. 99, 160 Pac. 984.) After six months no rulings were open to review, excepting those involved in the motion for a new trial (*Bank v. Harding,* 65 Kan. 655, 70 Pac. 655), and these only by means of an appeal taken from the decision on that motion.

The motion for a rehearing is denied.