No. 22,463.

E. J. WITHRODER, *Appellee and Appellant*, v. M. C. ELMORE, G. O. COMBS and J. H. LESLIE, *Appellants and Appellees.*

### SYLLABUS BY THE COURT.

CONTRACT—*Purchase of Interest in Oil and Gas Lease.* In an action by the purchaser of an interest in an oil and gas lease against his vendors, asking a rescission of the bargain, and judgment for the amount he had paid, on the ground that he had been defrauded by representations that the lease had cost them more than was the fact, it is *held:*

1. SAME—*Rescission of Contract—Damages.* The action was one for rescission, not involving an affirmance of the contract, and the recovery was not limited to an abatement of the purchase price in proportion to the difference between what the lease had cost the original owners and what they represented they had paid for it.

2. SAME—*Fraudulent Representations—Election of Remedies* The plaintiff had a right to proceed either in that manner or by an action for damages on the theory of an affirmance of the contract.

3. SAME—*Rescission—No Written Release Required* No writing having been given the plaintiff in evidence of his purchase, it was not necessary for him to sign any release in order to restore to the defendants what he had obtained from them.

4 SAME—*Effect of Fraudulent Representations.* The effect of such deception was not necessarily limited to causing the plaintiff to pay more for his interest in the lease than he would otherwise have done. It may have been the inducement to his making the purchase on any terms.

5. SAME—*Verdict and Findings.* The fact that the verdict was for a less amount than the full purchase price may be accounted for by assuming that one of the three subscriptions made by the plaintiff was found not to have been brought about by the misrepresentation.

6. SAME—*Appeal—Matter Reviewable.* Inasmuch as the plaintiff recovered a judgment, from which the appeal is taken, and filed no motion for a new trial, no review can be had herein of any trial ruling made against him.

Withroder v. Elmore.

Appeal .from Reno district court; FRANK F. PRIGG, judge. Opinion filed February 7, 1920. Affirmed.

*F. L. Martin, John M. Martin,* and *Walter F. Jones,* all of Hutchinson, for the appellants.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: In September, 1917, E. J. Withroder purchased of M. C. Elmore, G. O. Combs and J. H. Leslie an interest in an oil and gas lease. On December 3, 1917, he brought an action asking a recovery of the amount he had paid them, on the ground that he had been induced to make the purchase by fraud on their part. A verdict was returned in his favor, on which judgment was rendered. The defendants appeal.

1. The fraud relied upon was a representation by the defendants that the lease had cost them $32,000, when in fact they had paid but $20,000 for it, or perhaps $21,000. The defendants' contention is that the action was one for damages, the proper measure of which would be the proportion of the amount of the purchase price paid by the plaintiff that 20,000 bears to 32,000. We regard the action, however, as one for rescission, which was expressly asked for in the petition, the prayer being also for a judgment for the amount he had paid— in other words, for the return of his money—which was the practical relief to be obtained through rescission. The action being for the recovery of money was properly tried with the aid of a jury, in accordance with the usual practice.

2. The defendants say that rescission, being an equitable remedy, was not open to the plaintiff, because he could have been adequately protected by a judgment for the amount of his damages. He had a right to a choice of remedies, however, in the absence of some special reason to the contrary. The contract had not been performed or partly performed in such sense as to prevent its cancellation. There was no difficulty in restoring the original status. Nothing had been done beyond the payment of the money, and its return would place the parties where they had been before. The facts that if the defendants had not sold the interest to the plaintiff when they

did they might have made an equally good bargain with some one else, and that the lapse of time had prevented any other sale, through a depreciation in the market value of the lease, cannot avail them as a defense. The character of the fraud was such as to justify rescission. (1 Black on Rescission, § 84.)

3. It is urged that in order to be entitled to rescission it was incumbent upon the plaintiff to execute a reconveyance of the interest he had acquired in the property bought. So far as the evidence shows, he received no written evidence of his purchase. As the whole transaction rested in parol, his demand for the return of his money implied a surrender of whatever rights he had obtained under it.

4. It is argued that if the defendants told the plaintiff they had paid $32,000 for the lease, when in fact it had cost them but $20,000, he was induced by the falsehood, not to make the purchase, but merely to pay more for his interest than he otherwise would have done. This, however, by no means follows. He may have been willing to go into the deal at the price named if (as such price in comparison with the alleged cost would indicate) he were to be allowed to buy on the same basis as the original investors—to be let in on the ground floor—but unwilling to embark in the enterprise on any terms if he stood on a different footing, and they were to make a profit from the sale to him. The jury must be deemed to have found that this was the case, for they were instructed that the plaintiff could recover only if he had been induced to make the purchase by reliance on the false statement referred to.

5. It is suggested that the amount of the verdict can hardly be reconciled with this theory of the case. The plaintiff testified that he had made three subscriptions and payments, at different times, for $200, $500, and $300 respectively. The verdict was for $850, which was obviously based on a recovery of $800 and interest, implying a finding for the plaintiff on two of the payments, but not on the other.

6. Because other cases of the same character are awaiting trial, the plaintiff asks a review of the refusal of the district court to instruct the jury that he might recover on another ground than that already discussed—on the theory that the defendants were under an obligation affirmatively to disclose

the facts concerning the amount of their investment.  In order for a trial ruling to be passed upon by this court it must first have been submitted to the reëxamination of the trial court in a motion for a new trial.  The plaintiff not having filed such a motion, and obviously not desiring a new trial, the question suggested is not before us, and an expression of opinion on it would be mere dictum.

The judgment is affirmed.