346

No. 29,028.

THE HARDMAN LUMBER COMPANY, *Appellee*, v. CHARLEY SPITZNAUGLE et al., *Appellants.*

(286 Pac. 235.)

Opinion filed April 5, 1930.

*Herman Long,* of Wakeeney, for the appellants.

*W. L. Sayers,* of Hill City, and *W. H. Wagner,* of Wakeeney, for the appellee.

The opinion of the court was delivered by

JOCHEMS, J.: This action was tried between the plaintiff Hardman Lumber Company and the defendant H. F. Kline as an action in conversion. Plaintiff alleged that defendant had converted to his own use some corn belonging to plaintiff. Judgment was rendered in favor of the plaintiff, and defendant appeals.

Judgment was entered on March 8, 1929. Motion for a new trial was filed March 9, 1929, and was overruled on March 26, 1929. The journal entry of the order overruling the motion for a new trial was entered on the same date.

Appellant gave notice of appeal which, omitting caption, reads as follows:

*"To the Hardman Lumber Company and to W. H. Wagner, its attorney:*

You will take notice that H. F. Kline, the above-named defendant, appeals from the judgment of the district court of Trego county, Kansas, to the supreme court.       HERMAN LONG, *Attorney for said Defendant."*

The appellee contends that the notice of appeal was insufficient to invoke the appellate jurisdiction of this court. The appellant did not include in his notice of appeal anything to indicate that he appealed from the order overruling the motion for a new trial.

In the case of *Tucker v. Tucker*, 97 Kan. 61, 154 Pac. 269, a judgment was rendered on April 17, 1914. Motion for new trial was filed in time, but was not decided until November 14, 1914. The notice of appeal recited that the intervener appealed "from the judgment and decision of this court entered herein about April 17, 1914," and it was held that such notice was too late, and the appeal was dismissed for want of jurisdiction. On page 62 of the opinion the court said:

"When the motion for a new trial was decided the time for appeal from the original judgment had already expired. Hence it was necessary in order to present a matter of which we would have jurisdiction to appeal from the order denying the motion for a new trial. This was not done. The notice limited the appeal to the original judgment, or to such part thereof as upheld the validity of the mortgage. . . . This jurisdiction is vested by statute only, and no estoppel, laches or informality of a party can confer it. Neither does failure to raise the question relieve us of the duty to decline, even of our own motion, the exercise of jurisdiction which we do not possess." (Citing numerous cases.)

In *Buzbee v. Morstorf*, 105 Kan. 270, 182 Pac. 644, it was held:

"The serving and filing of a notice that a party appeals from a judgment rendered against him on a specified date does not effect an appeal from an order made after that date, and before the service of such notice overruling a motion for a new trial. (*Tucker v. Tucker*, 97 Kan. 61, 154 Pac. 269, and *Bank v. Bank*, 102 Kan. 412, 171 Pac. 10, followed.) Such an appeal, when taken more than six months after the judgment referred to, presents nothing for the consideration of this court and will be dismissed." (Syl.)

In the above authorities it is clearly established that a notice of appeal which appeals from a judgment does not appeal from an order overruling a motion for a new trial which is entered subsequent to the entry of the judgment. In the case last cited the court further said:

"The judgment here involved, immediately upon its rendition, was capable of sustaining an appeal in which any prior rulings could be examined, excepting those made in the course of the trial of the issue of fact (*Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 39 Pac. 718), or those which would have supported an independent appeal on which the bar had run. (*Slimmer v. Rice*, 99 Kan. 99, 160 Pac. 984.) After six months no rulings were open to review, excepting those involved in the motion for a new trial (*Bank v. Harding*, 65 Kan. 655, 70 Pac. 655), and these only by means of an appeal taken from the decision on that motion." (p. 271.)

Since the errors which are alleged by the appellant as grounds for appeal are only such as were made on the trial of the cause, they can only be reviewed on appeal after they have been brought

to the attention of the trial court by a motion for a new trial. In this case a motion for a new trial.was properly filed and was overruled, but the appellant did not take an appeal from the order overruling the motion for a new trial. He did not include this order in his notice of appeal.

In *Withroder v. Elmore,* 106 Kan. 300, 187 Pac. 863, it was held:

"Inasmuch as the plaintiff recovered a judgment, from which the appeal was taken, and filed no motion for a new trial, no review can be had herein of any trial ruling made against him." (Syl.)

See, also, *Blomberg v. Bank,* 119 Kan. 691, 241 Pac. 242.

It clearly appears, therefore, that in order to bring to this court for review errors made upon the trial of a cause two steps are necessary:

(1) A proper motion for a new trial must be filed in time and have been duly presented and overruled.

(2) A proper notice of appeal must be given and this notice of appeal must specify that appeal is being taken from the order overruling the motion for new trial.

The notice of appeal herein specified only the judgment. It did not include the order overruling the motion for new trial. Since the errors complained of were trial errors, if any, this court has no jurisdiction to consider such alleged errors on this appeal. This court cannot and will not assume jurisdiction unless it is clearly authorized by the constitution and the statutes of the state of Kansas.

The appeal is dismissed for want of jurisdiction.

Dawson, J., not sitting.