No. 33,071

W. O. SKAGGS, *Appellee,* v. J. D. CALLABRESI and CLARA CALLABRESI, *Appellants.*

(67 P. 2d 566)

Opinion filed May 8, 1937.

*T. W. Bell,* of Leavenworth, for the appellants.

*Malcolm N. McNaughton* and *James N. Snyder,* both of Leavenworth, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action in ejectment. Plaintiff prevailed, and defendants appeal.

In a supplemental abstract defendants list thirteen specifications of error. G. S. 1935, 60-3306, provides what must be contained in a notice of appeal in order to make alleged errors reviewable. The pertinent portion thereof reads:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court, and if the appeal is taken from only a part of the judgment, or from a particular order or decision, then by stating from what part of the judgment, or from what particular order or decision the appeal is taken."

In the instant case an appeal has been perfected only from the verdict of the jury. The pertinent portion of the notice of appeal reads:

"You are hereby notified that the defendants, J. D. Callabresi and Clara Callabresi, hereby appeal from the *verdict* rendered by the jury in this case to the supreme court of the state of Kansas." (Italics inserted.)

It will be observed the notice of appeal included neither the judgment, the order overruling the motion for a new trial nor any other order or decision of the trial court. The errors alleged are trial errors. It therefore follows that even though there had been an appeal from the judgment itself, this court would have acquired no jurisdiction to consider trial errors unless an appeal had been perfected from the order overruling the motion for a new trial. *Buzbee v. Morstorf,* 105 Kan. 270, 182 Pac. 644; *Hardman Lumber Co. v. Spitznaugle,* 130 Kan. 346, 286 Pac. 235; *Dolan Mercantile Co. v. Wholesale Grocery Subscribers,* 131 Kan. 374, 291 Pac. 935, and *Salt City B., L. & S. Ass'n v. Peterson,* post, p. 765, 67 P. 2d 564.

The code of civil procedure prescribes the appellate jurisdiction of this court. It does not provide for appeals from verdicts alone. It provides only for appeals from *orders* of a district court or a judge thereof. The pertinent portion of G. S. 1935, 60-3302, reads:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record, except a probate court."

The statute then proceeds to designate the appealable orders. The first one mentioned is a final order. It then specifies certain other orders of a district court or a judge thereof. G. S. 1935, 60-3103, defines an order as follows:

"Every direction of a court or judge, made or entered in writing, and not included in a judgment is an order."

G. S. 1935, 60-3303, defines a final order as follows:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment."

The appeal in the instant case was from no order of the district court or a judge thereof, final or otherwise.

In *Weigand v. Wilson*, 107 Kan. 445, 193 Pac. 1065, it was said:

"The statute provides for an appeal from a final order. (Civ. Code, § 565, Gen. Stat. 1915, § 7469.) A final order is one affecting a substantial right in an action, when it in effect determines the action and prevents a judgment. (Civ. Code, § 566, Gen. Stat. 1915, § 7470.)" (p. 446.)

The verdict did not determine this action and prevent a judgment. While it may have prevented a judgment in favor of defendants it did not prevent the rendition of a judgment. In a cause properly tried to a jury a verdict is an incident precedent to the rendition of a judgment. The verdict, however, does not become a finality until judgment is pronounced thereon.

G. S. 1935, 60-3101, provides: "A judgment is the final determination of the rights of the parties in an action."

No appeal having been perfected from the judgment or any other appealable order, it follows the purported appeal must be dismissed. It is so ordered.