No. 33,164

THE SALT CITY BUILDING, LOAN & SAVINGS ASSOCIATION, *Appellee,* v. MARGARET E. PETERSON et al., *Defendants,* C. C. BOYER and ALDULA BOYER, *Appellants.*

(67 P. 2d 564)

Opinion filed May 8, 1937.

*Eustace Smith* and *Harry H. Dunn,* both of Hutchinson, for the appellants.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to foreclose a real-estate mortgage. Plaintiff prevailed, and only the defendants Charles C. Boyer and Aldula Boyer, his wife, appeal.

Charles Peterson, the other defendant, was the record title owner of the property in question. Appellants had entered into a written contract with defendant Peterson for purchase of the property. The

contract was not recorded. Notwithstanding this contract Peterson mortgaged the property to appellee. Appellants were in possession under a supplemental contract of purchase and deed which were held in escrow when appellee commenced this action. Appellants' contention as to their rights and interest in the property is based on their contractual relation with the record title owner and on their notorious, open and continuous possession at the time the mortgage was executed and at all times thereafter.

A question preliminary to a consideration of the merits is presented. Appellee contends no appeal was perfected as required by law, and hence there is nothing before this court for review. It insists the appeal must be dismissed. If that contention be correct it of course ends this lawsuit.

The judgment was rendered July 6, 1935. A motion for new trial was promptly filed on July 8, 1935, and denied on February 29, 1936. Subsequently the sale was had and confirmed. No appeal was perfected until June 19, 1936. The notice of appeal, omitting caption, reads:

"You and each of you are hereby notified that the defendants herein, C. C. Boyer and Aldula Boyer, his wife, intend to appeal from the *judgment and decision* of the above court to the supreme court of the state of Kansas." (Italics inserted.)

A continuance was granted to appellants on the hearing in this court. Thereafter and on March 29, 1937, appellants filed an application in this court asking leave to amend the notice of appeal by including therein the order overruling the motion for a new trial. The application was allowed. Appellee immediately protested that order of this court and was advised it would have opportunity to renew its objection to the amendment when the case was heard on its merits.

An appeal must be perfected within six months from date of rendition of the judgment or order appealed from. (G. S. 1935, 60-3309.) No appeal was perfected until over eleven months from date of judgment. That appeal was only from the *"judgment and decision"* of the trial court. It has been expressly ruled an appeal from the "judgment and decision" does not constitute an appeal from the order overruling a motion for new trial. (*Dolan Mercantile Co. v. Wholesale Grocery Subscribers*, 131 Kan. 374, 291 Pac. 935.) See, also, *Buzbee v. Morstorf*, 105 Kan. 270, 182 Pac. 644; *Hardman Lumber Co. v. Spitznaugle*, 130 Kan. 346, 286 Pac. 235.

The motion for new trial did not extend the time within which to perfect an appeal from the judgment. (*Buzbee v. Morstorf*, supra; *Security Finance Co. v. Hoyt*, 143 Kan. 11, 33 P. 2d 802, and citations.) The appeal from the judgment of foreclosure was too late. There being no appeal from the order overruling the motion for new trial, there was nothing here to review on that ruling. Realizing that fact, appellants sought to amend the notice of appeal so as to include the ruling on the motion for a new trial. It should be noted this amendment was undertaken more than a year after the order overruling the motion for a new trial.

The application for leave to amend the notice of appeal was made on the strength of G. S. 1935, 60-3310. The pertinent portion thereof reads:

"Any notice of appeal may be amended at any time by bringing in additional parties or otherwise, before the hearing, as to the appellate court may seem fit. . . ."

Permission to amend a notice of appeal has been granted under various circumstances where an appeal was in fact pending. (*Boss v. Brown*, 132 Kan. 86, 88, 294 Pac. 878; *Sheridan v. Phillips Pipe Line Co.*, 134 Kan. 260, 5 P. 2d 817; *Vincent v. Werner*, 140 Kan. 599, 38 P. 2d 687, and citations.) Here, however, the attempted appeal was a nullity. No appeal was pending.

Does G. S. 1935, 60-3310, authorize the amendment of a notice of appeal which purported appeal is a nullity and at a time when it is too late to perfect an independent appeal from the order included in the amendment? We think not. Any other rule would completely destroy the effect and purpose of G. S. 1935, 60-3309, which expressly restricts the right of appeal to six months from the date of the rendition of the judgment or order from which the appeal is taken. It would permit to be done indirectly, by color of amendment, what the statute prohibits being done directly. Obviously that cannot be permitted. (See annotation to *Morrill County v. Bliss*, 125 Neb. 97, 249 N. W. 98, 89 A. L. R. 932, 941, 944.)

Jurisdiction of this court has not been invoked for the purpose of any review. The court cannot arbitrarily assume jurisdiction it does not have. The appeal must be dismissed. It is so ordered.