No. 39,160

ETHEL LEE BAKER, Formerly ETHEL LEE WARREN, *Appellee*, v. JOHN D. MAGUIRE'S, INC., a Corporation, *Appellant*.

(272 P. 2d 739)

Opinion filed July 6, 1954.

*Edward H. Powers*, of Kansas City, argued the cause, and *James P. Quinn*, of Kansas City, Missouri, was with him on the brief for the appellant.

*J. W. Mahoney*, of Kansas City, argued the cause, and *David W. Carson*, and *John K. Dear*, both of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action in which plaintiff sought damages, actual and exemplary, resulting from a wrongful garnishment of her wages.

In her petition the plaintiff alleged her employment by Armour and Company; that her wages had been garnished in an action commenced by defendant against her in a magistrate's court in Kansas City, Missouri; that she had never been indebted to the

plaintiff in that action; and that she had suffered specified damages. She prayed for actual and exemplary damages. The defendant's answer consisted of a general denial.

A trial was had and the jury, under instructions to which no objection was made, returned a verdict in favor of the plaintiff for actual and exemplary damages in specified amounts. Defendant then filed its motion that the verdict be set aside for the reason that portion assessing exemplary damages was not sustained by the evidence, and also its motion for a new trial. These motions were denied and judgment was rendered on the verdict and in favor of the plaintiff.

In due time defendant perfected its appeal to this court. Because of its importance here the notice is quoted in full:

"Take notice that the undersigned defendant does and has appealed from the judgment rendered and made in the above entitled action on the 28th day of March, 1953, wherein judgment in the sum of $1,000.00 and costs was entered in favor of the plaintiff named above, and against the defendant herein."

. Notwithstanding its very limited appeal, in its abstract appellant specifies as error that the trial court erred in: (1) Overruling its motion to set aside the verdict; (2) overruling its motion for a new trial; and (3) instructing the jury as to actual damages.

It is observed that although two post trial motions were filed, actually the matter contained in the motion to vacate a part of the verdict as not sustained by the evidence states a ground for a new trial (see G. S. 1949, 60-3001, *Fourth*) and the two motions may be treated as one. It is also observed that if there were any errors in the instructions to the jury, they were trial errors which should have been called to the attention of the trial court in a motion for a new trial (G. S. 1949, 60-3001, *Second*).

We are confronted with complaints on rulings as to matters which were the grounds for a motion for a new trial, but there is no appeal from that ruling, nor for that matter any appeal from any ruling made either during or subsequent to the trial. It has been held repeatedly that rulings on such motions not included in the notice of appeal are not subject to review. See e. g. *In re Estate of Young,* 169 Kan. 20, 217 P. 2d 269; *Toklan Royalty Corp. v. Panhandle Eastern Pipe Line Co.,* 168 Kan. 259, 264, 212 P. 2d 348; *Salt City B., L. & S. Ass'n v. Peterson,* 145 Kan. 765, syl. No. 1, 67 P. 2d 564; *Skaggs v. Callabresi,* 145 Kan. 739, syl. No. 2, 67 P. 2d 566; *Mundell v. Franse,* 143 Kan. 139, 140, 53 P. 2d 811, and other cases cited in the above.

The specifications of error present nothing for appellate review and the appeal must be and it is dismissed.