NOT DESIGNATED FOR PUBLICATION

No. 127,415

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALONDRA MORALES-YANES,
*Appellant*,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH (MAUGHAN) JOHNSON, judge. Oral argument held January 7, 2025. Opinion filed February 7, 2025. Affirmed.

*Dakota F.W. Persinger*, *Christopher J. Omlid*, and *Richard W. James*, of DeVaughn James Injury Lawyers, of Wichita, for appellant.

*Michael J. Norton*, of Foulston Siefkin LLP, of Wichita, and *Eric Turner*, of Foulston Siefkin LLP, of Overland Park, for appellee.


Before GARDNER, P.J., MALONE and COBLE, JJ.


PER CURIAM: Alondra Morales-Yanes was a passenger in a vehicle involved in an automobile accident that occurred in Colorado where the other driver was determined to be completely at fault. Morales-Yanes received payment from the tortfeasor's insurance company and personal injury protection coverage of $5,000 from her own insurance coverage with State Farm Mutual Automobile Insurance Company (State Farm). Morales-Yanes then filed a civil suit against State Farm claiming benefits under her underinsured motorist coverage. At the conclusion of trial, the jury returned a verdict

1

finding Morales-Yanes was entitled to recover $24,295.26. Morales-Yanes asked the court to enter judgment for the verdict amount and for attorney fees, but the district court denied her motion. On appeal Morales-Yanes raises two issues: (1) The district court erred by applying the incorrect state law governing the entry of judgment, and (2) the district court erred by denying attorney fees. For the reasons discussed below, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Morales-Yanes was a passenger in a vehicle that was involved in a motor vehicle accident in Colorado. State Farm and Morales-Yanes agree the other motorist was negligent and responsible for the accident. The responsible motorist's liability insurance company tendered its total policy limits of $50,000 to the injured parties, but due to the presence of multiple plaintiffs, Morales-Yanes' portion of the settlement from the tortfeasor's insurance provider was $22,500.

Morales-Yanes then filed an underinsured insurance motorist (UIM) claim against State Farm seeking damages, costs, and attorney fees under K.S.A. 40-256 and K.S.A. 40-908. State Farm declined to pay the amount demanded by Morales-Yanes and offered $1,000 as settlement instead.

At the pretrial conference, the parties were still in disagreement regarding choice of law issues. After the pretrial conference, the parties entered into a stipulation that read as follows: "1. The law of the state of Kansas will apply to issues concerning the applicability and interpretation of the insurance policy between the parties. 2. The law of the state of Colorado will apply to issues concerning the underlying tort including liability and damages."

In a later pretrial motion in limine, Morales-Yanes also argued because the underlying tort law of Colorado was applicable, the collateral source of medical payments should not be admissible at trial. As part of her motion, she argued that Colorado law, Colo. Rev. Stat. § 13-21-111.6, applied for calculating reduction of damages for payment from collateral sources. State Farm's response to the motion in limine, generally, did not disagree with Morales-Yanes on the admission of collateral sources of medical payments, but did not expand on its "agreement" aside from simply stating "Agreed" under the heading "Collateral Sources of Medical Payments."

During trial, Morales-Yanes requested total damages, including past medical expenses and past and future noneconomic damages including pain, mental anguish, and suffering, of $70,000. State Farm argued it had already reimbursed her for damages, and it contended she had not met her burden to prove the accident caused all the damages she claimed. Solely on the issue of what damages Morales-Yanes sustained from the accident, the jury returned a verdict awarding total damages of $24,295.26—consisting of $16,795.26 in medical expenses and $7,500 in noneconomic loss.

After trial, Morales-Yanes moved the district court to enter judgment for the amount of damages determined by the jury and to award attorney fees under K.S.A. 40-908. She argued because the parties agreed to apply Colorado law, specifically Colo. Rev. Stat. § 13-21-111.6, the district court must enter judgment for the amount awarded by the jury without reducing the verdict by what she already received from the tortfeasor's insurance company and State Farm. Morales-Yanes also claimed that since she was entitled to an award exceeding State Farm's tender of settlement, attorney fees of $67,335 should be awarded. State Farm opposed this position, arguing Morales-Yanes was not entitled to recover any amount because she received payment both from the tortfeasor's insurance company ($22,500) and from State Farm under her policy's personal injury protection (PIP) coverage ($5,000). State Farm argued that Kansas law

dictates how much Morales-Yanes is entitled to recover because the insurance policy was issued in Kansas.

After holding a hearing on Morales-Yanes' motion, the district court denied the motion, finding that the jury verdict awarding $24,295.26 should be offset by the amount previously paid to her, which was $27,500. The district court ruled that after applying the offset or credit against the verdict, Morales-Yanes was not entitled to recover any amount from State Farm's UIM coverage and, as a result, was not entitled to attorney fees.

Morales-Yanes timely appeals.

THE DISTRICT COURT DID NOT ERR BY APPLYING KANSAS LAW IN ITS JUDGMENT

Morales-Yanes insists the district court's judgment offsetting the amount of the jury's verdict with the amounts she received previously was erroneous because the district court did not apply Colorado Law.

*Applicable legal standards*

The essential facts of the accident are not in dispute, and the resolution of this case depends on whether the district court applied the correct state law. We review the district court's conclusions of law using an unlimited standard. *American Special Risk Management Corp. v. Cahow*, 286 Kan. 1134, 1141, 192 P.3d 614 (2008); *Cashman v. Cherry*, 270 Kan. 295, 298, 13 P.3d 1265 (2000) (UIM coverage issues involve a question of law over which appellate courts have unlimited review). Additionally, to the extent resolution of this appeal requires the interpretation of statutes, which presents a question of law, our review is unlimited. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

4

*Kansas law applies to the district court's judgment.*

Morales-Yanes claims the parties stipulated that Colorado law controls the underlying tort, including liability and damages, and that both parties agreed Colorado law, Colo. Rev. Stat. § 13-21-111.6, applies when calculating damages. She maintains that State Farm is bound by this stipulation and cannot rely on Kansas law for posttrial matters. She stakes her entire appeal on the applicability of Colo. Rev. Stat. § 13-21-111.6 and on the premise that Colorado's law dictates how the district court should have entered judgment.

Colo. Rev. Stat. § 13-21-111.6, in whole, provides:

"In any action by any person or his legal representative to recover damages for a tort resulting in death or injury to person or property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; *except that the verdict shall not be reduced by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person.* The court shall enter judgment on such reduced amount." (Emphasis added.)

This Colorado statute requires the district court to reduce the amount of the verdict by payments the injured party received from other collateral sources. But it establishes an exception that prohibits the court from reducing the verdict amount if the injured party received other payments because of a contract entered into and paid for by the injured person.

To the contrary, State Farm argues that Colorado law applied only to determine the amount of damages recoverable from the tortfeasor (at-fault driver) as a result of the underlying tort. But once those damages are determined, State Farm contends Morales-Yanes' UIM coverage claim against State Farm is solely an issue of contract, and Kansas law applies to determine whether she is entitled to UIM benefits under the insurance policy.

State Farm is correct. The parties' stipulation required the application of Colorado law only to the extent of determining the liability and damages from the underlying tort. The parties agreed the other driver was completely liable, so the first half of the tort claim was concluded. Then, based on the parties' stipulation, the application of Colorado law would have terminated immediately after the jury determined the amount of damages in its verdict, as liability and damages from the underlying tort would both have been determined at that point. Application of Kansas law was triggered when the district court then examined the amount of damages Morales-Yanes was entitled to, based on the interpretation of the Kansas insurance policy.

As Morales-Yanes candidly admits in her brief, Colo. Rev. Stat. § 13-21-111.6 instructs the courts how the judgment shall be entered *after* the jury determines the amount of damages in the underlying tortious act. But here, as stated above, the crucial distinction lies in the timing of the offset determination. The jury's verdict established the amount of damages Morales-Yanes was entitled to under Colorado law. But the district court's offset decision is distinct from the underlying tort liability or the damages calculation. Whether to offset is a decision separate from the nature of the tortious conduct or the damages, so Colorado law does not control. In other words, the offset decision and the damages ultimately paid to Morales-Yanes depended solely on the terms of the insurance policy and Kansas law, according to the parties' stipulation.

6

Thus, the district court was not required to apply Colo. Rev. Stat. § 13-21-111.6 and enter judgment for the jury verdict amount of $24,295.26 without any reductions. The district court correctly applied Kansas law to determine the amount of the damages that should be awarded to Morales-Yanes.

*Morales-Yanes is not entitled to UIM benefits.*

State Farm also argued that Morales-Yanes' UIM claim against her own insurance company is a contract claim and not a tort issue, relying on this court's holding in *Loucks v. Farm Bureau Mut. Ins. Co.*, 33 Kan. App. 2d 288, 101 P.3d 1271 (2004). In *Loucks*, this court analyzed the general procedure of a UIM claim and held that two separate causes of action are triggered when an insured motorist is injured in an accident caused by an underinsured motorist. 33 Kan. App. 2d at 294. The insured motorist first had a tort claim against the underinsured motorist based upon negligence, and second held a UIM claim against the insured's own insurance company, assuming the damages exceed the tortfeasor's liability coverage. 33 Kan. App. 2d at 294. Accordingly, citing *ARY Jewelers v. Krigel*, 277 Kan. 464, 482, 85 P.3d 1151 (2004), State Farm claimed Kansas law should apply because breach of contract claims are determined by the law of the place of performance, which here is Kansas.

Morales-Yanes contends that State Farm's arguments based on *Loucks* and *ARY Jewelers* are "red herrings" and irrelevant to her claim for UIM benefits. But her position is not persuasive. She points to our court's holding in *Turner v. Pleasant Acres*, 62 Kan. App. 2d 122, 506 P.3d 963 (2022), as support for her argument that a UIM claim is not a contract case. But in *Turner*, our court found that UIM claims are hybrids—a combination of contract and tort—and disavowed a 40-year-old opinion from the United States Court of Appeals for the Tenth Circuit, finding it inapplicable and outdated. 62 Kan. App. 2d 137-38. But *Turner* does little to support Morales-Yanes in this case, as *Turner* focused on an employer's subrogation rights under the workers compensation

7

statutes and potential duplicative recovery from the employer's uninsured motorist carrier—a situation we do not have here.

And as we have discussed above, this matter is a hybrid. Morales-Yanes' claim against the allegedly underinsured motorist sounded in tort, and the liability of that motorist and damages resulting from the underlying tort were determined by Colorado law, by stipulation, and by the jury's verdict. Then, Kansas law and the law of contract was triggered when the district court then examined the amount of damages Morales-Yanes was entitled to under the Kansas insurance policy.

Kansas motorists who are injured in an automobile accident may recover damages from their own insurance company when the accident occurred with an underinsured motorist. The purpose of this coverage is to "provide[] a method of recovery for innocent persons damaged through the wrongful conduct of uninsured and underinsured motorists who cannot be made to respond for the damages they caused." *Bussman v. Safeco Ins. Co. of America*, No. 103,020, 2010 WL 5185785, at *11 (Kan. App. 2010) (unpublished opinion) (*Bussman I*), *aff'd in part and rev'd in part* 298 Kan. 700, 317 P.3d 70 (2014) (*Bussman II*). In Kansas, automobile liability insurance policies are required to carry uninsured motorist coverage under K.S.A. 40-284. Under K.S.A. 40-284(b), uninsured motorist coverages also include a UIM provision, which enables the insured to recover from the insurer the amount of damages for bodily injury to which the insured is legally entitled from the tortfeasor's liability coverage, but only to the extent the damages exceed the tortfeasor's bodily injury coverage limit. And payment under the UIM coverage may be further limited or subject to exclusion under K.S.A. 40-284(e), because companies are allowed to avoid duplicative payments. Specifically applicable here, K.S.A. 40-284(e)(6) provides the insurer may exclude PIP benefits previously paid to the insured under the UIM coverage.

The same was provided under the nonduplication provision in Morales-Yanes' insurance policy with State Farm. Her policy states the insurer will not pay under the UIM coverage any damages that "have already been paid as expenses or loss under Personal Injury Protection Coverage of this policy, the personal injury protection of any other policy, or other similar vehicle insurance."

Here, the jury determined that Morales-Yanes should be awarded a total sum of $24,295.26 as damages from the tortfeasor. It is undisputed that Morales-Yanes previously received $22,500 from the tortfeasor's liability carrier. To that extent, her damages did not exceed the tortfeasor's bodily injury coverage limit as required under K.S.A. 40-284(b). But even if that were her only prior payment received, she would have been able to recover an additional $1,795.26 ($24,295.26 – $22,500 = $1,795.26) under her UIM coverage. Yet, although Morales-Yanes neglects to mention this on appeal, she conceded to receiving $5,000 from State Farm as PIP benefits in her motion filed in the district court. As permitted under K.S.A. 40-284(e)(6) and outlined in her State Farm policy, any PIP benefits received are excluded from UIM coverage. Given that she was only entitled to recover $1,795.26 from the UIM coverage, applying the PIP amount received further reduces the amount recoverable to zero ($1,795.26 – $5,000 = –$3,204.74) to prevent duplicative recovery. Accordingly, the district court was correct to hold that Morales-Yanes is not entitled to recover from State Farm under the UIM coverage.

For the preceding reasons, we find the district court correctly applied Kansas law in its judgment and Morales-Yanes is not entitled to UIM benefits under her policy and K.S.A. 40-284.

Morales-Yanes also argues she is entitled to attorney fees under K.S.A. 40-908. Because Morales-Yanes claims she is entitled to recover $24,295.26 as awarded in the jury's verdict, which is more than the $1,000 tendered by State Farm before trial, she asserts she should be awarded attorney fees.

*Applicable legal standards*

If the district court has authority to grant attorney fees, the amount awarded is reviewed under the abuse of discretion standard. *Schmidt v. Trademark, Inc.*, 315 Kan. 196, 208, 506 P.3d 267 (2022); *Bussman II*, 298 Kan. at 718 (attorney fees under K.S.A. 40-908). But interpretation of K.S.A. 40-908 is a question of law subject to unlimited appellate review. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

*Morales-Yanes is not entitled to attorney fees.*

Morales-Yanes claims attorney fees should have been granted because the jury's verdict of $24,295.26 was more than State Farm's pretrial tender of $1,000 for settlement. But again, her argument solely relies on the premise that Colorado law should apply to the judgment, and since the amount awarded by the jury exceeds the tender from the insurer, K.S.A. 40-908 mandates reasonable attorney fees.

Our Supreme Court has long held that attorney fees can be awarded in underinsured motorist cases under K.S.A. 40-256 if the facts and circumstances warrant. *Allied Mut. Ins. Co. v. Gordon,* 248 Kan. 715, Syl. ¶ 3, 811 P.2d 1112 (1991). Yet, on appeal Morales-Yanes only argues attorney fees should be awarded under K.S.A. 40-908 and does not address K.S.A. 40-256. Arguments not properly briefed or raised on appeal

are deemed waived or abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020). For this reason, we examine only whether attorney fees should be awarded for this UIM claim under K.S.A. 40-908.

K.S.A. 40-908 states in its entirety:

"That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs:  Provided, however, that when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed."

It is well-settled that attorney fees may be awarded under K.S.A. 40-908 regardless of the type of loss incurred so long as the insurance policy at issue covered losses by fire, tornado, lightning, or hail. In *Hamilton*, our Supreme Court held:

"The plain language of K.S.A. 40-908 states that it applies to any case in which a judgment is rendered on *any policy* given to insure any property against loss by fire, tornado, lightning, or hail. The policy controls, not the actual type of loss. If the loss is covered by a policy which insures against fire, tornado, lightning, or hail, the statute applies regardless of whether the actual loss occurred by one of those named causes or some other cause covered by the same policy." 263 Kan. 875, Syl. ¶ 3.

So, the statute applies to liability claims for bodily injury as well as property claims if the policy also insures property against loss by fire, tornado, lightning, or hail. *Bussman II*, 298 Kan. 700, Syl. ¶ 7. Moreover, the *Bussman II* court clarified that just because K.S.A. 40-908 is contained in the article of the insurance code dealing with fire insurance companies, automobile insurance companies are not excluded from the

11

applicability of the statute. *Bussman II*, 298 Kan. at 724-29. Adopting the analysis in *Hamilton*, our court has held that attorney fees under K.S.A. 40-908 also apply to auto liability coverage, including UIM claims. *Sellens v. Farmers Insurance Co.*, No. 115,413, 2016 WL 6139725, at *6 (Kan. App. 2016) (unpublished opinion). As a result, although the plain language of K.S.A. 40-908 does not include UIM claims, applying our Supreme Court's analyses in *Bussman II* and *Hamilton*, we find attorney fees are applicable to UIM claims under K.S.A. 40-908.

Here, Morales-Yanes claims she was insured under an automobile liability policy against loss by fire, tornado, lightning, or hail. State Farm did not contest this fact. So, the statute applies if: (1) judgment was rendered against State Farm, and (2) Morales-Yanes was entitled to recovery in the amount that exceeds State Farm's pretrial tender. See K.S.A. 40-908.

Although Morales-Yanes attempts to argue the jury's verdict is the final judgment that the district court should enter, the verdict of the jury is not a final judgment. A verdict is an incident precedent to the rendition of a judgment and only becomes final when the judge pronounces a judgment on the verdict. *Skaggs v. Callabresi*, 145 Kan. 739, 67 P.2d 566 (1937). Here, the district court entered judgment for State Farm denying Morales-Yanes any amount of UIM benefits, given the application of the policy terms and K.S.A. 40-284(b) and (e)(6). Morales-Yanes did not prevail against State Farm; thus, she is simply not entitled to attorney fees under K.S.A. 40-908 because she did not succeed in a judgment against State Farm. As a result, the district court did not err in denying Morales-Yanes' motion for attorney fees.

Affirmed.