No. 35,955

CLARENCE W. PAINTER, *Appellee* and *Cross-appellant*, v. MONUMENTAL LIFE INSURANCE COMPANY, *Appellant.*

(149 P. 2d 626)

Opinion filed June 10, 1944.

*Patrick W. Croker,* of Kansas City, argued the cause, and *George H. West,* of Kansas City, was on the briefs for the appellant.

*David F. Carson,* of Kansas City, argued the cause, and *David W. Carson,* of Kansas City, was on the briefs for the appellee. ·

The opinion of the court was delivered by

HARVEY, J.: Plaintiff, as the beneficiary named in an insurance policy on the life of his wife, sued to recover $1,000, being the principal sum of $500 named in the policy for the death of insured and a like amount upon the alleged ground that the death of insured was the result of an accident. A jury trial resulted in a verdict for plaintiff for $500. Both parties have appealed.

In the petition it was alleged, in more detail than is here set out, that the policy was issued June 1, 1940; that the insured died November 2, 1940, while the policy was in full force, and that her death was the direct and proximate result of an accident, within the terms of the policy; that plaintiff had given defendant due notice of the death of insured and made claim for loss, but that defendant had failed to pay the sum due under the policy and had denied liability thereon.

The defense was that the contract of insurance was obtained by the insured by her false representations by declaring in her written application for the policy that she was in good health and that she had never had or been treated for a stated list of diseases, "or any disease or injury not mentioned," understanding that defendant in passing upon her application would rely and act upon her declaration being "complete, true and correct"; that in fact the insured was not then in good health and had been treated by physicians and surgeons for some months for serious diseases, which were detailed; that had the insured truthfully stated the condition of her health in her application the defendant would not have issued the policy. · Defendant specifically denied that the death of the insured was an accident, as defined by the terms of the policy. Defendant tendered back premiums which had been paid and asked to be relieved of further liability.

Plaintiff in his reply denied the insured made any false statement to defendant; alleged that defendant's agents were fully informed by insured of the state of her health and that she had been hospitalized and treated by physicians; that if there were any statements to the contrary in the written application they were placed there by the agents of the defendant, who had full knowledge of the facts, and that by reason thereof defendant waived any right to

charge lack of knowledge of the health of insured and is estopped to claim such representations induced it to issue the policy. Plaintiff further alleged that if any representations, such as stated in defendant's answer, were made, which plaintiff denied, the matters misrepresented did not contribute to the contingency or event on which the policy became due and payable, and by reason thereof our statute (G. S. 1935, 40-418) prohibits defendant from denying liability.

There is no journal of the court setting out the proceedings at the trial, and the record before us does not disclose that judgment has been entered on the verdict at any time. The record does disclose, however, that at the close of plaintiff's evidence defendant filed a general demurrer thereto, which was considered by the court and overruled, and it is stipulated that the trial was concluded on February 18, 1943. On February 20, 1943, defendant filed a motion asking the court to render judgment in its favor notwithstanding the general verdict "for the reason that the verdict, pleadings and evidence show that the defendant is entitled to such judgment." This motion was considered by the court and overruled on March 13, 1943, and a journal entry made of the court's ruling. On May 11, 1943, the defendant served and filed in the district court a notice of appeal "from the verdict and finding of the jury and from the order, judgment and decree . . . made and entered on the 13th day of March, 1943, and all intermediate rulings and orders of said court in the trial, verdict of the jury and orders, rulings and judgments of said court in said cause." We feel compelled to hold that this notice of appeal presents nothing to this court for review. The verdict of a jury is not a final order from which an appeal lies. (*Skaggs v. Callabresi*, 145 Kan. 739, 67 P. 2d 566.) There were no special findings of the jury. There is no appeal here after final judgment because no judgment has been rendered on the verdict; hence, G. S. 1943 Supp. 60-3314a is not applicable.

Defendant, as appellant in this court, argues the court erred in overruling its demurrer to the evidence. The ruling on a demurrer to evidence is an appealable order irrespective of whether final judgment has been entered. (G. S. 1935, 60-3302.) The difficulty with considering that here, however, is that the appeal was not within two months of that order, as required by G. S. 1943 Supp. 60-3309. This demurrer was ruled upon as early as February 18, and the notice of appeal was not served and filed until May 11. The defendant filed no motion for a new trial. When interrogated on that point

during the argument in this court counsel for appellant frankly stated that he considered he had won half a victory. In short, defendant did not want a new trial. There is some argument in the brief of appellant that the court erred in not sustaining defendant's motion for a directed verdict at the close of all the testimony, in giving certain instructions which appear not to have been objected to at the time, and in failing to sustain defendant's motion for judgment notwithstanding the verdict. If there is any error inherent in any of these rulings it is a trial error which could be reached only by a motion for a new trial, which, as we have seen, was not filed. (*Brick v. Fire Insurance Co.*, 117 Kan. 44, 230 Pac. 309.)

On February 20, 1943, plaintiff filed a motion for a new trial "limited as to the question of double liability under the accidental provisions of the contract." On March 13, 1943, this motion was considered by the court and overruled, and on the same date the court considered and denied plaintiff's application made in open court to increase the judgment to $1,000. On May 11, 1943, plaintiff served and filed a notice of appeal "from the verdict of the jury and the judgment entered thereon, and from the order and judgment of the district court . . . made and entered on the 13th day of March, 1943, overruling plaintiff's motion for a new trial," and denying his oral application for judgment for $1,000. In this notice plaintiff apparently overlooked the fact that the court had never rendered a judgment on the verdict of the jury. As we have seen, no appeal lies from the verdict. In this court appellant complains, first, that the court did not allow interest on the jury's verdict. We think there is no reason why the court should not allow interest on the verdict of the jury from the date the action was filed, if and when plaintiff asks the court to render judgment on the verdict. Plaintiff, as appellant here, further argues that there was a general judgment in favor of plaintiff, hence that the general verdict should have been for $1,000 instead of for $500. This overlooks the fact that under the policy the verdict should be for $500 only, unless the jury sustained plaintiff's contention that the death of the insured resulted from an accident within the provisions of the policy relating thereto. On this point plaintiff picks out some testimony to the effect that the death of the insured was the result of an accident. But there is much evidence in the record to the contrary, including the certificate of death and the statement of the physician in charge of the insured at the time of her death. Upon the question of

whether the insured's death was the result of an accident, the position most favorable to plaintiff, to state the evidence, is that it was conflicting; and the verdict of the jury, which allowed plaintiff nothing for the accidental death, approved by the trial court in denying a motion for a new trial upon that issue only, presents to this court no question for review.

The result is that each of the appeals should be dismissed for the reason that it presents no legal question to this court for review. It is so ordered.