No. 44,135

ROE VILLAGE, INC., *Appellant,* v. BOARD OF COUNTY COMMISSIONERS and D. L. SANDIFER, *Appellees.*

(403 P. 2d 970)

Opinion filed July 10, 1965.

*Joseph H. McDowell,* of Kansas City, argued to cause, and *Milton Abrams,* of Kansas City, was with him on the briefs for appellant.

*Kenneth P. Soden,* of Mission, argued the cause, and *Donald E. Martin,* of Kansas City, was with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This was an action brought by Roe Village, Inc., to test the reasonableness of an order of the Board of County Commissioners of Wyandotte County in granting the appellee, D. L. Sandifer, a change of zoning.

Issues were joined and trial was by the district court on June 30, 1964, and taken under advisement. On July 6, 1964, the district court filed a detailed memorandum opinion upholding the order of the Board of County Commissioners. The last paragraph of the memorandum opinion reads:

"Counsel should prepare a Journal Entry of Judgment in line with the views here expressed denying plaintiff the relief it seeks. *The judgment will not be effective until the date the Journal is signed by the Court and filed.*" (Emphasis supplied.)

On July 21, 1964, the appellant served and filed a notice of appeal "from the decision of the District Court entered on July 6,

1964, in this action, including but not limited to the finding and decision of the Court dated July 6, 1964 . . . and all other findings and judgments entered on said date."

Counsel for the parties were unable to agree on a journal entry, and each presented suggested journal entries to the court. Appellee-Sandifer filed a motion on August 11, 1964, asking the court to approve his journal entry. On September 5, 1964, the district court settled the matter by approving and signing the journal entry submitted by the appellant. The journal entry was filed with the clerk on that same day. No notice of appeal was served or filed by the appellant after the journal entry had been approved and signed by the court and filed with the clerk.

At the outset we are confronted with appellees' motion to dismiss the appeal, which was denied by this court with leave to renew when the case was heard on its merits. The appellees assert the appeal was prematurely filed for the reason that on July 21, 1964, there was no judgment of record from which an appeal could be perfected.

Appellant relies upon the district court's memorandum opinion filed July 6, 1964, as a final judgment, reviewable as such by this court.

A judgment is the final determination of the rights of the parties in an action. (K. S. A. 60-254 [a].) It has long been settled that an appeal taken from a jury verdict or decision of the court before judgment has been rendered is premature and will be dismissed. (*Upton v. Pendry*, 110 Kan. 191, 203 Pac. 300; *Skaggs v. Callabresi*, 145 Kan. 739, 67 P. 2d 566; *Painter v. Monumental Life Ins. Co.*, 158 Kan. 585, 149 P. 2d 626.) Whether a final judgment has been rendered in a given situation depends primarily upon the intention of the court, and upon the governing statutory provisions and rules.

The law in this jurisdiction with respect to the rendition of judgments and when they become effective was substantially changed by the adoption of the new code of civil procedure, effective January 1, 1964. The manner and method of entering a final judgment after a trial or hearing on the merits is presently governed by K. S. A. 60-258, which reads, in part:

"(a) *Entry of judgment.* Unless the judge otherwise directs and subject to the provisions of section 60-254 (b), judgment upon the verdict of a jury shall be entered forthwith. The judge shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories returned by a jury pursuant to section 60-249.

When the judge directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk.

"(*b*) *What constitutes entry of judgment.* If judgment is to be entered on the verdict of a jury, or by direction of the judge forthwith, the clerk shall make a notation of the judgment on the appearance docket as provided by section 20-2601, and such notation shall constitute the entry of judgment, and no journal entry or other document shall be required to render the judgment effective. *If the judge directs that the form of the judgment is to be settled by a journal entry or other document, it shall be prepared in accordance with the directions of the judge who shall then sign the same and cause it to be filed with the clerk. Such filing shall constitute the entry of the judgment, and it shall not be effective before such filing. . . .*" (Emphasis supplied.)

Generally speaking, the prevailing practice heretofore has been to settle all forms of judgment entry by a formal journal prepared and agreed upon as to form by counsel of record, and approved and signed by the district court. The committee which drafted the code of civil procedure and the legislature which enacted it intended to eliminate the uncertainty which heretofore prevailed in the practice in Kansas as to when judgment became effective and to provide the moment when judgment was rendered and the event which constitutes entry of judgment. The significance of subsection (*b*) cannot be emphasized too much in that it makes the entry of judgment of controlling importance.

Judge Gard, in his book entitled "Kansas Code of Civil Procedure Annotated," has this to say with respect to the effect of subsection (*b*) and the change it made in Kansas law:

"This subsection changes the Kansas practice with respect to the event which makes a judgment effective. A judgment following a general verdict or a judgment directed by the court under other circumstances, where the judge does not direct that the form of the judgment is to be settled by a journal entry, becomes a judgment upon entry thereof by the clerk in the 'appearance docket.' The manner of making the entry is prescribed by section 60-2601. Entry in the journal is no longer required, unless the judgment is to be formally journalized.

"More important still is the provision which makes a judgment which is to be formally journalized effective only upon the filing of the journal entry and not before. This is contrary to the decision in Gates v. Gates, 160 K. 428, 163 P. 2d 395, and similar cases, which left the effectiveness of the judgment to be determined by possible uncertainty where the records as to what was actually done were scanty and inadequate.

"A common practice which has prevailed in the past among Kansas trial judges becomes more important under this rule. That is that where the judge is ready to render his decision he will make the nature of his decision and his findings known in advance, by a memorandum decision or announcement from the bench, or perhaps in chambers with counsel on both sides present, and fix a time when the journal entry is to be presented for signature and filing so as to make the judgment effective. In any event the journal entry now takes on a significance which it never has had before, except in the case of judgments which are entered on the appearance docket by the clerk as a matter of course." (p. 267.)

Likewise, Vernon's Code of Civil Procedure, Vol. 3, by Fowks, Harvey and Thomas, commenting upon K. S. A. 60-258, has this to say with respect to what constitutes entry of judgment:

"Subdivision (*b*) further provides if the judge directs that the form of the judgment is to be settled by a journal entry or other document, it shall be prepared in accordance with the direction of the judge, who then must sign the judgment and cause it to be filed with the clerk. The next sentence proves the point that until such a judgment is actually filed with the clerk there is no judgment recognized, and it 'shall not be effective before such filing.' This is so because it is not the judge's signature, nor his direction that the form of judgment shall be settled by journal entry or other document, that constitutes an effective judgment. It is the *filing* with the clerk that constitutes an effective judgment, and constitutes the *entry* of judgment as well, for purposes of post-judgment action." (pp. 483, 484.)

K. S. A. 60-2103, providing when and how appeals to the supreme court shall be taken, in pertinent part states that when an appeal is permitted by law from a district court to the supreme court, the time within which an appeal may be taken shall be 30 days *from the entry of the judgment, as provided by Sec.* 60-258.

In the case at bar it is obvious the district court neither intended nor regarded its memorandum opinion as a final judgment. The court specifically ordered that the judgment was not to become effective until it was signed and filed with the clerk. The record discloses the journal entry of judgment was not filed until September 5, 1964, some 46 days after this appeal was taken. Consequently, since the appeal was filed prior to the entry of final judgment (K. S. A. 60-258 [*b*]), there was no judgment from which to appeal, and we are compelled to hold that the attempted appeal was premature, and must be dismissed. An appeal from a judgment not yet rendered presents nothing for judicial review. See *Martin v. Staples,* 164 F. 2d 106; *St. Louis Amusement Co. v.*

*Paramount Film Distributing Corp.*, 156 F. 2d 400, and *Uhl v. Dalton*, 151 F. 2d. 502, involving a similar situation.

Since the attempted appeal was filed before the district court's judgment was rendered and became effective, and since no notice of appeal was timely filed thereafter, this court has no jurisdiction of the appeal and it must, therefore, be dismissed.

It is so ordered.

SCHROEDER and FONTRON, JJ., dissent.