(712 P.2d 1282)

No. 57,376

RONALD H. MILLER, *Appellant,* v. SAFECO INS. CO. OF AMERICA, *Appellee.*

Petition for review denied February 28, 1986.

Opinion filed February 6, 1986.

*C. Bruce Works,* of Works & Works, of Topeka, for the appellant.

*Jerome V. Bales,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellee.

Before BRISCOE, P.J., CORWIN C. SPENCER, J. Retired, assigned, and RICHARD W. WAHL, District Judge, assigned.

BRISCOE, J.: Ronald Miller was injured in a one-car accident while a passenger in a vehicle driven by Mark Gober. Miller sued both his own insurer, Safeco Insurance Co. of America (Safeco), and Gober. The trial court sustained Safeco's motion for summary judgment and Miller appeals.

Gober was insured at the time of the accident with liability coverage in the amount of $50,000 per person for bodily injury. Miller claimed he suffered damages for bodily injuries in excess of $50,000 and that Safeco issued a policy to Miller which, as a matter of law, must provide underinsured motorist coverage in the amount of $300,000 by virtue of K.S.A. 40-284. Both Safeco

and Miller filed summary judgment motions. In granting Safeco's summary judgment motion, the trial court adopted Safeco's argument that the requirements of K.S.A. 40-284 have no application because the Safeco policy was issued to Miller while he was a resident of Maryland and, therefore, was not "delivered or issued for delivery" in Kansas.

Before we can address whether the trial court erred in granting Safeco's motion for summary judgment, we must determine whether the memorandum decision granting Safeco's motion is an appealable order. The procedural scenario relevant to this inquiry begins on September 7, 1984, when the trial court sustained Safeco's motion for summary judgment in a memorandum decision. The trial court followed that memorandum with a letter dated September 13, 1984, indicating that the memorandum decision would serve as the journal entry. Miller filed his notice of appeal on September 24, 1984.

On September 27, 1984, the trial court dismissed the suit against Gober with prejudice. Gober's settlement with Miller in the amount of $50,000 in exchange for a release from Miller prompted this dismissal. Miller did not file a notice of appeal after Gober was dismissed from the suit.

Is the journal entry granting Safeco summary judgment an appealable order? Miller filed his appeal after the trial court had sustained Safeco's motion for summary judgment, but before the trial court had disposed of Miller's other claim against Gober. When a trial court, in an action involving multiple parties, expressly determines that there is no reason for delay and directs the entry of a final judgment against one of the parties pursuant to K.S.A. 60-254(b), the judgment may be appealed as a matter of right under K.S.A. 60-2102(a)(4). *Patterson v. Missouri Valley Steel, Inc.*, 229 Kan. 481, 484; 625 P.2d 483 (1981). The order sustaining Safeco's motion for summary judgment, however, was not a final judgment as the trial court did not issue a certificate as required by K.S.A. 60-254(b):

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Miller's appeal is premature and must be dismissed unless it can be saved under Supreme Court Rule 2.03, 235 Kan. lviii:

"A notice of appeal filed subsequent to an announcement by the judge of the district court on a judgment to be entered, but prior to the actual entry of judgment as provided in Sec. 60-258, shall be effective as notice of appeal under Sec. 60-2103, if it identifies the judgment or part thereof from which the appeal is taken with sufficient certainty to inform all parties of the rulings to be reviewed on appeal. Such advance filing shall have the same effect for purposes of the appeal as if the notice of appeal had been filed simultaneously with the actual entry of judgment, provided it complies with Sec. 60-2103(b)."

A close reading of Rule 2.03 and the cases interpreting the rule leads us to the conclusion that Rule 2.03 cannot save an interlocutory appeal filed without K.S.A. 60-254(b) certification. In *Carson v. Eberth*, 3 Kan. App. 2d 183, 186, 592 P.2d 113 (1979), this court clarified the purpose of Rule 2.03:

"The purpose of this rule and of its predecessor, former Rule No. 16 (214 Kan. xxxiii), is to avoid the result reached in *Roe Village, Inc. v. Board of County Commissioners*, 195 Kan. 247, 403 P.2d 970 (1965). There a notice of appeal was filed within thirty days of the trial court's memorandum decision but *before* judgment was entered by journal entry; no notice of appeal was filed *after* judgment was entered. The court said '[a]n appeal from a judgment not yet rendered presents nothing for judicial review.' 195 Kan. at 250. The result was the dismissal of the appeal for lack of jurisdiction, even though the record and briefs had been filed and the parties had argued the merits.

"Rule No. 2.03 serves as a savings clause; the overly cautious appellant who files his notice of appeal for fear his appeal time is running is protected from the *Roe Village* result. The last sentence of the rule, quoted above, provides the mechanics. In effect, the notice of appeal lies dormant until such time as judgment is entered pursuant to K.S.A. 60-258. Under the rule it then has the same effect 'as if the notice of appeal had been filed simultaneously with the actual entry of judgment.' "

Applying Rule 2.03 here, the notice of appeal did not qualify as a "premature" notice of appeal under the Rule. Although Miller's notice of appeal filed on September 24, 1984, was filed *prior* to the entry of a final judgment, absent certification under K.S.A. 60-254(b) the subsequent final judgment entered in the case, even when coupled with Rule 2.03, cannot work to save this appeal. We lack jurisdiction over an appeal from an interlocutory order where the trial court has not certified that there was

no just reason for delay and has not expressly directed entry of judgment pursuant to K.S.A. 60-254(b).

After Miller filed his notice of appeal on September 24, 1984, Gober was dismissed with prejudice by a journal entry filed three days later on September 27, 1984. The journal entry granting Safeco summary judgment became a final judgment subject to appeal on that date. A final judgment from which no appeal was taken does not retroactively validate a premature notice of appeal from an interlocutory order granting summary judgment to one party. To extend Rule 2.03 to these facts would effectively nullify the purpose of K.S.A. 60-254(b). Rule 2.03 is limited to those situations where the notice of appeal is filed after the time the decision is announced, but before a final judgment is entered pursuant to K.S.A. 60-258. The Rule does not save an appeal where the notice of appeal is filed from an interlocutory decision which later becomes part of the final judgment disposing of all issues in the litigation. See *United States v. Taylor*, 632 F.2d 530, 531 (5th Cir. 1980).

Appeal dismissed.