No. 119,057

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN W. PONDS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

1.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited.

2.

Under the facts of this case, where the plaintiff filed a notice of appeal from the district court's summary denial of his K.S.A. 60-1507 motion while a timely motion for reconsideration was still pending in district court, this court has jurisdiction to review the district court's original judgment denying the K.S.A. 60-1507 motion. But we lack jurisdiction to review the district court's later ruling on the motion for reconsideration because the plaintiff did not file a separate notice of appeal from that ruling.

3.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court has unlimited review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief.

1

4.

A prisoner's attempt to relitigate the same claims in a K.S.A. 60-1507 motion that were decided in the prisoner's direct criminal appeal is barred by the doctrine of res judicata.

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed February 8, 2019. Affirmed.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and LEBEN, JJ.

MALONE, J.:  Steven W. Ponds appeals the district court's summary denial of his K.S.A. 60-1507 motion. Ponds argues that the district court erred when it summarily denied his motion and that he is entitled to a hearing. The State first argues that this court lacks jurisdiction to hear the appeal because Ponds' notice of appeal was untimely. The State also argues that the district court correctly denied Ponds' motion. We disagree with the State's jurisdictional claim, but on the merits we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, the State charged Ponds with 14 felony charges, including aggravated burglary, attempted burglary, as well as several counts of burglary and theft. Before trial, Ponds sought to suppress:  (1) evidence of his footwear because he claimed the officers lacked probable cause to support his arrest; and (2) evidence from GPS tracking devices attached to his vehicles because the search warrant application failed to provide a substantial basis for the issuing magistrate to conclude there was a fair probability

2

contraband or evidence would be found as a result of those devices. After an evidentiary hearing, the district court denied Ponds' motion to suppress the evidence.

After a bench trial in 2012, the district court found Ponds guilty of all charges. The district court sentenced Ponds to a controlling term of 244 months in prison. Ponds filed a direct appeal challenging the sufficiency of the evidence and the district court's rulings on the motion to suppress evidence. This court affirmed his convictions and sentence in *State v. Ponds*, No. 109,965, 2015 WL 249836 (Kan. App. 2015) (unpublished opinion), *cert. denied* 136 S. Ct. 2024 (2016) (*Ponds I*).

While his direct appeal was pending, Ponds filed a motion to correct an illegal sentence, asserting that the district court erroneously classified his pre-1993 convictions as person felonies in calculating his criminal history score. The district court summarily denied relief, and this court affirmed that decision in *State v. Ponds*, No. 114,761, 2016 WL 6822176 (Kan. App. 2016) (unpublished opinion) (*Ponds II*).

On May 3, 2017, Ponds filed a K.S.A. 60-1507 motion. Ponds challenged: (1) the district court's refusal to suppress his footwear because of a lack of probable cause; (2) the sufficiency of the evidence to support his convictions; and (3) the district court's denial of his request to suppress the GPS evidence for lack of probable cause.

On June 26, 2017, the district court filed a journal entry summarily denying Ponds' K.S.A. 60-1507 motion, finding that the three issues raised were the same issues Ponds raised on direct appeal. The district court also found that Ponds' motion contained several conclusory statements, unsupported by any legal argument or evidentiary basis.

On July 17, 2017, Ponds filed a timely motion for reconsideration of the district court's K.S.A. 60-1507 judgment. Then on November 16, 2017, while the motion for

reconsideration was still pending, Ponds filed a notice of appeal of the district court's "decision to deny his 60-1507 motion."

On January 29, 2018, the district court denied Ponds' motion for reconsideration, finding that it lacked jurisdiction because of the pending appeal. On March 14, 2018, this court granted Ponds' motion to docket his appeal out of time. Ponds did not file a separate notice of appeal from the district court's denial of his motion for reconsideration.

On appeal, Ponds argues that the district court erred when it summarily denied his K.S.A. 60-1507 motion. Ponds argues that his K.S.A. 60-1507 motion, when read broadly, asserts a claim of ineffective assistance of counsel that can only be resolved with an evidentiary hearing. He also argues that in summarily denying his K.S.A. 60-1507 motion, the district court failed to make sufficient findings of fact and conclusions of law to comply with Kansas Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228).

The State first argues that this court lacks jurisdiction over the appeal because Ponds failed to file his notice of appeal in a timely manner. On the merits, the State argues that the district court correctly denied Ponds' K.S.A. 60-1507 motion.

DOES THIS COURT HAVE JURISDICTION OVER THIS APPEAL?

To begin with the State questions this court's jurisdiction over this appeal. Ponds does not address the jurisdictional issue. Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions not applicable here, Kansas appellate courts only have jurisdiction to consider appeals taken in the manner prescribed by

4

statute. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016); *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016).

Here, the four relevant dates and filings that affect this court's jurisdiction are:

- June 26, 2017 (the district court filed an order denying the K.S.A. 60-1507 motion)
- July 17, 2017 (Ponds filed a motion for reconsideration)
- November 16, 2017 (Ponds filed a notice of appeal)
- January 29, 2018 (the district court denied the motion for reconsideration)

A K.S.A. 60-1507 proceeding is a civil action. Under K.S.A. 2017 Supp. 60-2102(a)(4), the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from a *final decision* in any action, except in an action where a direct appeal to our Supreme Court is required by law. "A 'final decision' generally disposes of the entire merits of the case and leaves no further questions or the possibility of future directions or actions by the court." *In re T.S.W.*, 294 Kan. 423, 433, 276 P.3d 133 (2012).

Under K.S.A. 2017 Supp. 60-2103(a), a notice of appeal must be filed within 30 days from the entry of judgment. Here, the district court filed its order denying the K.S.A. 60-1507 motion on June 26, 2017. Ponds did not file a notice of appeal until November 16, 2017, well beyond 30 days from the district court's entry of judgment. But Ponds filed a timely motion for reconsideration on July 17, 2017. See K.S.A. 2017 Supp. 60-259(f) (motion to alter or amend judgment must be filed no later than 28 days after entry of judgment). Ponds' motion for reconsideration qualified as a motion to alter or amend judgment. See *Hundley v. Pfuetze*, 18 Kan. App. 2d 755, 756, 858 P.2d 124 (1993).

5

K.S.A. 2017 Supp. 60-2103(a) goes on to provide:

"The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under subsection (b) of K.S.A. 60-250, and amendments thereto; or granting or denying a motion under subsection (b) of K.S.A. 60-252, and amendments thereto, to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under K.S.A. 60-259, and amendments thereto, to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259, and amendments thereto."

Under K.S.A. 2017 Supp. 60-2103(a), Ponds' timely filing of a motion to alter or amend judgment terminated the running of the time for appeal. Under that statute, the "full time for appeal" commenced to run from the entry of an order "[g]ranting or denying a motion under K.S.A. 60-259." K.S.A. 2017 Supp. 60-2103(a).

The problem in this case arises because Ponds filed his notice of appeal from the district court's decision to deny his K.S.A. 60-1507 motion on November 16, 2017, before the district court ruled on his motion for reconsideration. As a result, Ponds' notice of appeal was premature because it was filed before the district court's judgment on the K.S.A. 60-1507 motion became final. The district court eventually denied Ponds' motion for reconsideration on January 9, 2018, finding that it lacked jurisdiction to rule on the motion for reconsideration because of the pending appeal. This finding was incorrect because the district court did not actually lose jurisdiction over the case until Ponds docketed his appeal, which did not occur until March 14, 2018. See *City of Kansas City v. Lopp*, 269 Kan. 159, 160, 4 P.3d 592 (2000) (finding that once the appeal is docketed in the appellate courts, the district court loses jurisdiction). Ponds did not file a separate notice of appeal after the district court denied his motion for reconsideration.

6

The State argues that Ponds' premature notice of appeal is not saved by Kansas Supreme Court Rule 2.03 (2019 Kan. S. Ct. R. 14). Supreme Court Rule 2.03 covers premature notices of appeal in civil cases and provides:

"(a) **When a Premature Notice of Appeal is Effective.** A notice of appeal that complies with K.S.A. 60-2103(b)—filed after a judge of the district court announces a judgment to be entered, but before the actual entry of judgment—is effective as notice of appeal under K.S.A. 60-2103 if it identifies the judgment or part of the judgment from which the appeal is taken with sufficient certainty to inform all parties of the rulings to be reviewed on appeal.

"(b) **Timing of a Notice of Appeal Challenging Certain Posttrial Motions.** A party intending to challenge an order disposing of any of the following motions, or a judgment's alteration or amendment upon such a motion, must file a notice of appeal—in compliance with these rules—not later than 30 days after the entry of the order disposing of the last such remaining motion:

(1) for judgment under K.S.A. 60-250(b);

(2) to amend or make additional factual findings under K.S.A. 60-252(b), whether or not granting the motion would alter the judgment;

(3) to alter or amend the judgment under K.S.A. 60-259;

(4) for a new trial under K.S.A. 60-259; or

(5) for relief under K.S.A. 60-260 if the motion is filed not later than 28 days after the judgment is entered." (2019 Kan. S. Ct. R. 14-15.)

The State argues that Rule 2.03(a) is limited to those situations in which the notice of appeal is filed after the time the district court announces a judgment to be entered, but before the actual entry of judgment. The State's argument may be correct under the plain language of Rule 2.03(a). Had Ponds filed a notice of appeal after the district court announced its judgment on the K.S.A. 60-1507 motion but before the actual entry of judgment, then the language of Rule 2.03(a) would save Ponds' notice of appeal.

But that is not what happened here. The district court did not announce a judgment from the bench on Ponds' K.S.A. 60-1507 motion; rather, the district court simply entered

7

judgment on the motion by filing a written journal entry on June 26, 2017. Ponds did not file a notice of appeal after the district court announced the judgment but "before the actual entry of judgment" as contemplated by Rule 2.03(a). Instead, Ponds filed his notice of appeal from the district court's decision to deny his K.S.A. 60-1507 motion after the district court entered its judgment on June 26, 2017, but before the district court ruled on his motion for reconsideration of the judgment. Under these facts, the plain language of Rule 2.03(a) does not appear to save Ponds' premature notice of appeal. Likewise, Ponds' notice of appeal was not timely under Rule 2.03(b) because he failed to file a separate notice within 30 days after the denial of his motion for reconsideration.

We now turn to Kansas caselaw construing Supreme Court Rule 2.03. In *Miller v. Safeco Ins. Co. of America*, 11 Kan. App. 2d 91, 712 P.2d 1282 (1986), a personal injury action, Ronald Miller sued both the alleged tortfeasor, Mark Gober, and his own insurer, Safeco Insurance Company of America (Safeco), for underinsured motorist coverage. Safeco was granted summary judgment on September 7, 1984, but the district court did not certify the judgment as a final judgment under K.S.A. 60-254(b). On September 24, 1984, Miller filed his notice of appeal of the summary judgment granted to Safeco, while his claim against Gober was still pending. On September 27, 1984, the district court dismissed with prejudice Miller's suit against Gober. Miller did not file a separate notice of appeal after Gober was dismissed from the suit.

On appeal, Miller conceded that his notice of appeal filed on September 24, 1984, before a final judgment was rendered as to all parties, constituted a premature notice of appeal. But Miller invoked Supreme Court Rule 2.03 and argued that this court had jurisdiction to consider his appeal. This court rejected Miller's argument and dismissed his appeal with the following analysis:

> "After Miller filed his notice of appeal on September 24, 1984, Gober was dismissed with prejudice by a journal entry filed three days later on September 27, 1984.

8

The journal entry granting Safeco summary judgment became a final judgment subject to appeal on that date. A final judgment from which no appeal was taken does not retroactively validate a premature notice of appeal from an interlocutory order granting summary judgment to one party. To extend Rule 2.03 to these facts would effectively nullify the purpose of K.S.A. 60-254(b). *Rule 2.03 is limited to those situations where the notice of appeal is filed after the time the decision is announced, but before a final judgment is entered pursuant to K.S.A. 60-258.* The Rule does not save an appeal where the notice of appeal is filed from an interlocutory decision which later becomes part of the final judgment disposing of all issues in the litigation. See *United States v. Taylor,* 632 F.2d 530, 531 (5th Cir.1980)." (Emphasis added.) 11 Kan. App. 2d at 94.

*Miller* supports the State's position herein because it applies the plain language of Rule 2.03 and holds the rule is limited to those situations in which the notice of appeal is filed after the district court announces a decision but before the actual entry of the judgment. If the law in *Miller* still stands, then the State is correct that Rule 2.03 does not save Ponds' appeal. But unfortunately for the State, the holding in *Miller* was short-lived.

*Honeycutt v. City of Wichita*, 251 Kan. 451, 836 P.2d 1128 (1992), is another case, like *Miller*, in which a party filed a premature notice of appeal after some defendants were dismissed in district court but before the judgment became final as to all defendants. In *Honeycutt*, the plaintiff, a minor, lost both legs when he was run over by a train within the city limits of Wichita as he walked home from kindergarten. The plaintiff sued the City of Wichita, U.S.D. No. 259, and two different railroad companies. The district court granted summary judgment in favor of the City and U.S.D. No. 259, but the court did not certify the judgment as final under K.S.A. 60-254(b). The plaintiff filed a notice of appeal of the summary judgment ruling while the claims against the two railroad companies were still pending. The claims against the railroad companies were later settled and a journal entry was filed disposing of all claims. The plaintiff then filed another notice of appeal, but it was later found to be untimely and came too late to give the appellate court jurisdiction. 251 Kan. at 458-59.

9

On appeal before the Kansas Supreme Court, U.S.D. No. 259 contended that Rule 2.03 should not save the plaintiff's first notice of appeal and argued that the court should follow the Court of Appeals' decision in *Miller v. Safeco* to dismiss the appeal. Our Supreme Court noted that if it followed *Miller v. Safeco*'s interpretation of Rule 2.03, the answer was clear that it should dismiss the appeal. 251 Kan. at 457. But after engaging in an extensive discussion of Rule 2.03, Kansas statutes on civil and appellate procedure, and state and federal cases, our Supreme Court rejected *Miller v. Safeco*'s interpretation of Rule 2.03. 251 Kan. at 457-62. Relying on the liberal construction policy of civil procedure statutes to ensure that cases are decided on the merits and to eliminate traps for attorneys and pro se litigants, our Supreme Court found that it had jurisdiction over the plaintiff's appeal. 251 Kan. at 459-62.

> "We hold that if a judgment is entered disposing of all claims against one of multiple parties, and a premature notice of appeal is filed and has not been dismissed, then a final judgment disposing of all claims and all parties validates the premature notice of appeal concerning the matters from which the appellant appealed. The appellee will not be prejudiced because the appellee will know of the intent to appeal prior to final judgment and would be in the same position as if a notice of appeal had been filed after the final judgment.
> "Syllabus ¶¶ 2 and 3 and the corresponding portion of the opinion of *Miller v. Safeco Ins. Co. of America,* 11 Kan. App. 2d 91, 712 P.2d 1282, *rev. denied* 238 Kan. 878 (1986), are overruled." *Honeycutt*, 251 Kan. at 462.

So it appears that our Supreme Court has rejected the State's strict construction of Supreme Court Rule 2.03, and the court has adopted a more liberal interpretation of the rule in conjunction with Kansas statutes on civil and appellate procedure. The court in *Honeycutt* relied on Rule 2.03, in part, to validate a premature notice of appeal in a situation that did not strictly fit within the parameters of the rule.

10

This brings us back to the effect of Ponds' timely motion for reconsideration. In cases with facts almost identical to the facts herein, Kansas courts have relied on Rule 2.03, at least in part, to validate a premature notice of appeal filed while a motion for reconsideration of the judgment was still pending in district court. For instance, in *Cornett v. Roth*, 233 Kan. 936, 666 P.2d 1182 (1983), the district court entered judgment in favor of the defendants on October 5, 1982. The plaintiffs filed a motion to reconsider on October 15, 1982. Then, before the motion to reconsider was ruled on, the plaintiffs filed a notice of appeal on November 2, 1982. The district court overruled the motion to reconsider on November 10, 1982. Under these facts, and without engaging in any lengthy analysis, our Supreme Court allowed the notice of appeal to become a valid premature notice of appeal, finding that

> "Defendants have shown no prejudice resulting from the alleged premature filing of the notice of appeal. Considering the liberal construction to be given our procedural statutes and rules and the intent of our code of civil procedure and our appellate rules, we find no fatal jurisdictional defects and will proceed to determine the appeal on the merits. See K.S.A. 60-102; Supreme Court Rule 203 (230 Kan. xcix)." 233 Kan. at 939-40.

On the same day our Supreme Court decided *Honeycutt*, it also decided *Resolution Trust Corp. v. Bopp*, 251 Kan. 539, 836 P.2d 1142 (1992). In *Resolution Trust*, the district court entered judgment in a mortgage foreclosure case on June 24, 1991. A party who asserted an interest in the property filed a motion to alter or amend the judgment on June 28, 1991. Another party who had a judgment lien on the property filed a notice of appeal on July 16, 1991, while the motion to alter or amend was pending. The district court denied the motion to alter or amend on August 23, 1991.

The Court of Appeals issued an order to show cause why the appeal should not be dismissed based on *Miller v. Safeco*, and it dismissed the appeal before the Supreme Court filed its decision in *Honeycutt*. On a petition for review, our Supreme Court reinstated the appeal. *Resolution Trust*, 251 Kan. at 545. Relying on *Cornett* and

11

*Honeycutt*, the court held that Rule 2.03 validates a premature notice of appeal filed after a motion to alter or amend the judgment is filed, but before the motion to alter or amend is denied. *Resolution Trust*, 251 Kan. 539, Syl. ¶ 3. The court observed that the result was contrary to rulings in federal cases because Federal Rule of Appellate Procedure 4(a) is substantially different from K.S.A. 1991 Supp. 60-2103(a) and Supreme Court Rule 2.03. 251 Kan. at 544. The court went on to rely in part on Rule 2.03 to uphold its ruling, without actually analyzing the language of the rule. 251 Kan. at 544-45.

The most recent decision from this court on this issue reaches the same result as our Supreme Court reached in *Cornett* and *Resolution Trust*. In *Hundley*, the district court granted summary judgment on October 9, 1992, and mailed a memorandum decision to the parties that same day. On October 28, 1992, Hundley filed her motion asking the court to reconsider its order granting summary judgment. On November 9, 1992, she filed a notice of appeal from the order granting summary judgment. The district court did not rule on the motion to reconsider until December 14, 1992.

Under those facts, this court ruled: "A notice of appeal filed after a final judgment on the merits but before the trial court's ruling on a motion to alter or amend judgment is premature. However, it can 'ripen' into a valid notice of appeal when all the claims against the parties are resolved." 18 Kan. App. 2d at 756-57. This court quoted the language of Supreme Court Rule 2.03, and without actually analyzing the language of the rule, this court stated: "This rule promotes the determination of appeals upon their merits and eliminates the formal rigidity that hampered litigants and their attorneys in the past." 18 Kan. App. 2d at 757.

The State's brief notes *Cornett*, *Resolution Trust*, and *Hundley* but tries to distinguish those cases by correctly pointing out that the notice of appeal in those cases was otherwise timely filed within 30 days of the judgment. But the court's analysis in those cases did not turn on that fact, and we do not see how it makes a difference. If a

12

timely motion for reconsideration terminates the running of the time for appeal, then Ponds' notice of appeal filed on November 16, 2017, *was timely*, but it was premature because the motion for reconsideration was still pending. This is the same situation as in *Cornett*, *Resolution Trust*, and *Hundley*, and in each of those cases the court allowed the notice of appeal to stand as a premature notice of appeal, either under a liberal construction of K.S.A. 60-2103(a) or under Supreme Court Rule 2.03.

The State makes much of the fact that under K.S.A. 2017 Supp. 60-2103(a), the filing of a motion for reconsideration *terminates* the time for appeal, rather than *tolls* the time for appeal. The State argues that Ponds' motion for reconsideration filed on July 17, 2017, terminated his right to appeal the K.S.A. 60-1507 judgment, so that his notice of appeal filed on November 16, 2017, had no effect. We disagree. K.S.A. 2017 Supp. 60-2103(a) states that "[t]he *running* of the time for appeal is terminated by a timely motion" for reconsideration. (Emphasis added.) Ponds' motion for reconsideration filed on July 17, 2017, did not terminate his right to appeal the district court's judgment. Instead, the motion for reconsideration terminated the *running* of the time for appeal. But this fact does not mean that Ponds' later notice of appeal had no effect, and such a finding would be contrary to the courts' rulings in *Cornett*, *Resolution Trust*, and *Hundley*.

So where does all this discussion leave us? The State may be correct that the plain language of Rule 2.03(a) is limited to those situations in which the notice of appeal is filed after the time the district court announces a judgment to be entered, but before the actual entry of the judgment. But this court interpreted and limited Rule 2.03 in this way in *Miller v. Safeco*, and that ruling was expressly overruled by our Supreme Court in *Honeycutt*. In *Resolution Trust*, our Supreme Court addressed facts almost identical to the facts in Ponds' case and held Rule 2.03 validates a premature notice of appeal filed after a motion to alter or amend the judgment is filed, but before the motion to alter or amend is denied. 251 Kan. 539, Syl. ¶ 3. We have found no Kansas Supreme Court case since *Resolution Trust* that addresses this precise issue. This court is duty bound to follow

13

Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *Majors v. Hildebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015), *rev. denied* 303 Kan. 1078 (2016). We have no indication that our Supreme Court is departing from its holdings in *Cornett*, *Honeycutt*, and *Resolution Trust*.

Based on *Cornett*, *Resolution Trust*, and *Hundley*, we find that this court has jurisdiction over Ponds' appeal of the district court's judgment entered on June 26, 2017, summarily denying his K.S.A. 60-1507 motion. Ponds' notice of appeal filed on November 16, 2017, was not out of time because it was filed while a timely motion for reconsideration was pending. Although the notice of appeal was filed before the district court ruled on the motion for reconsideration, this act does not deprive this court of jurisdiction to review the district court's original judgment denying the K.S.A. 60-1507 motion. But because Ponds did not file a separate notice of appeal identifying the district court's ruling on the motion for reconsideration, we lack jurisdiction to review that ruling.

### DID THE DISTRICT COURT ERR IN SUMMARILY DENYING PONDS' K.S.A. 60-1507 MOTION?

Turning to the merits of the appeal, Ponds argues that the district court erred in summarily denying his K.S.A. 60-1507 motion without holding an evidentiary hearing. Ponds now claims that his K.S.A. 60-1507 motion, when read broadly, asserted an ineffective assistance of counsel claim that could only be resolved with an evidentiary hearing. He also claims that the district court's findings violated Supreme Court Rule 183(j). The State argues that the district court correctly denied Ponds' motion.

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in

14

which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court summarily denied Ponds' K.S.A. 60-1507 motion. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court has unlimited review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

The three claims Ponds raised in his K.S.A. 60-1507 were stated as follows:

- "Footwear should have been suppressed due to lack of probable cause to support the arrest."
- "Insufficient evidence to support a guilty verdict on the subject offenses."
- "Lack of probable cause to obtain a warrant to place a GPS device on defendant's car."

In Ponds' direct appeal, this court considered these exact claims and ruled adversely to Ponds in affirming his convictions. *Ponds I*, 2015 WL 249836, at *4, 9. Ponds' attempt to relitigate the same claims in his K.S.A. 60-1507 motion is barred by the doctrine of res judicata. See *Woods v. State*, 52 Kan. App. 2d 958, Syl. ¶ 1, 379 P.3d 1134 (2016), *rev. denied* 306 Kan. 1332 (2017).

Ponds argues that his K.S.A. 60-1507 motion, when read broadly, asserted an ineffective assistance of counsel claim that could only be resolved with an evidentiary hearing. But nowhere in the K.S.A. 60-1507 motion is there a claim or argument relating to ineffective assistance of counsel or the standards by which a court would address such a claim. There is simply no way to liberally construe Ponds' K.S.A. 60-1507 motion as raising an ineffective assistance of counsel claim.

15

Generally, claims of ineffective assistance of counsel will not be considered when raised for the first time on appeal. *Trotter v. State*, 288 Kan. 112, 127, 200 P.3d 1236 (2009). This rule comports with the general rule that issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Ponds offers no reason why this issue should be considered for the first time on appeal. See Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 35) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court.").

Finally, Ponds argues that the district court violated Supreme Court Rule 183(j) by making insufficient findings of fact and conclusions of law. But Ponds failed to object in district court to the adequacy of the district court's findings. Without such an objection, this court must presume the district court found all the facts needed to support its legal conclusions. See *Gilkey v. State*, 31 Kan. App. 2d 77, 77-78, 60 P.3d 351 (2003). Here, although the district court's journal entry was brief, it explained the court's decision for denying relief, and the findings were adequate to allow for meaningful appellate review.

Affirmed.