NOT DESIGNATED FOR PUBLICATION

No. 121,576

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NATHANIEL E. COOPER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed July 24, 2020.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM:  Following a jury trial in July 2005, Nathaniel E. Cooper was convicted of attempted first-degree murder. Cooper's conviction was affirmed by this court, and the mandate was filed on September 25, 2008. In 2017, Cooper filed a petition for relief and to vacate judgment. The district court construed the petition as a K.S.A. 60-1507 motion and summarily denied it as untimely and successive, even though there appeared to be pages missing from the motion. Cooper filed a timely notice of appeal and then later filed a timely motion to reconsider. The district court denied the motion to reconsider, reiterating that the original motion was untimely and successive and that the

1

court lacked jurisdiction to rule on the motion to reconsider because Cooper's appeal of its decision to deny the original motion already had been docketed. Cooper filed a second notice of appeal to include this latest ruling. Because Cooper's underlying motion was untimely filed under K.S.A. 2019 Supp. 60-1507(f), the district court did not err in summarily denying his original motion and his motion for reconsideration. Accordingly, we affirm.

FACTS

In *State v. Cooper*, No. 97,678, 2008 WL 2369818 (Kan. App. 2008) (unpublished opinion), this court briefly summarized the facts of Cooper's underlying criminal matter. Cooper was convicted of attempted first-degree murder in the shooting of Andra Ruff. Ruff later identified Cooper in a photo lineup and testified that he saw Cooper holding an Intertech nine-millimeter gun immediately before the shooting. Cooper shot Ruff and immediately fled the scene.

A firefighter was later dispatched to a secondary scene less than a quarter mile away from where Ruff had been shot. The firefighter found Cooper laying on his back in the street, extremely out of breath. The firefighter believed Cooper had been shot, so he began examining Cooper. At that point, Cooper told the firefighter that he had shot and killed "'Dray'" and that the "'war is over.'" 2008 WL 2369818, at *1. A police officer on the scene also came over to speak with Cooper. The police officer also believed Cooper had been shot and asked Cooper if that was the case. Cooper told the officer that he had been running from the police, that he shot someone, and that he did it because Ruff owed Cooper money.

While the officer admittedly never read Cooper his *Miranda* rights when Cooper gave him these statements, the district court addressed this issue before trial. See *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). After a

2

hearing on the matter, the district court found that all the statements Cooper made to the firefighter and most of the statements he made to the officer were not subject to *Miranda* protections.

After trial, Cooper filed a motion for a new trial alleging, among other things, that that the district court erred in allowing Cooper's statements to the arresting officer to be introduced into evidence at trial. The district court took up the motion at the sentencing hearing on August 5, 2005. After considering the parties' arguments, the district court denied Cooper's motion.

On direct appeal, this court affirmed Cooper's conviction in an opinion dated June 6, 2008. See *Cooper*, 2008 WL 2369818, at *2. The mandate was filed with the district court on September 25, 2008. There was no activity in the case until over eight and a half years later, when Cooper filed a "Petition for Facts Which Must or May be Judicially Noted Pursuant to [K.S.A. 60-409], To Void/Voidable Judgment for Further Relief Pursuant to [K.S.A. 60-1703] and to Vacate Sentence" on May 2, 2017. In the petition, Cooper asked the district court to take judicial notice of the following statutes and caselaw:

- The Kansas civil summary judgment affidavit requirements in K.S.A. 60-256(e)(1).
- Several different federal cases to support his statement that "'[s]ilence can only be equated with fraud where there is a legal, or moral obligation/duty to speak or where an inquiry left unanswered would intentionally be misleading.'"
- Several different federal and state cases to support his argument that a trial court must have jurisdiction over a case, and where it does not, the case is void.
- Several different federal and state cases to support his argument that subject matter jurisdiction can never be presumed, waived, or constructed, even by agreement of the parties.

3

Cooper also asked the district court to take judicial notice of "the following issues" that he argued "defraud[ed]" him of "a guaranteed Constitutional and statutory fundamental right":

- Issue 1:
    - The complaint/information filed in his criminal case was not based on personal knowledge, thus "defraud[ing] [Cooper] of due process."
    - The probable cause affidavit executed by the investigating detective was not made on personal knowledge and was based on inadmissible hearsay.
    - An undated newspaper article in the Kansas City Star showing that the investigating detective was being criminally charged in an unrelated matter for bribery and aggravated intimidation of a witness. Cooper alleged this showed that the investigating detective further defrauded him.
    - Several witness statements obtained by the investigating detective were made in bad faith and should have been struck from the record because they were not signed by the witnesses.
    - The complaint, the probable cause affidavit, and the witness statements were made in bad faith with an intent to defraud Cooper of his due process rights.

- Issue 2:
    - The district court had a legal obligation to ensure due process. Cooper cited to the Kansas Supreme Court Rule governing motions for summary judgment and accompanying affidavits to argue that affidavits must be made with personal knowledge. See Supreme Court Rule 141 (2020 Kan. S. Ct. R. 205).

4

Notably, the petition appeared to randomly cut off after page 7. It seemed that it was missing pages before it picked back up to ask the district court for "immediate release for any one of the issues brought before the court in Issue 4." There was no Issue 3 or Issue 4 outlined in the petition or anywhere else in the record.

Although Cooper filed his May 2, 2017 petition over eight years after the mandate was filed on September 25, 2008, he failed to cite within it any reason explaining why he did not file his motion within the one-year time limit or make any claim of actual innocence, which is required by K.S.A. 2019 Supp. 60-1507(f)(2)(A) in order to establish the manifest injustice necessary to extend the one-year time limit.

On May 22, 2017, the district court filed its journal entry summarily dismissing the action. It construed Cooper's petition as a K.S.A. 60-1507 motion and found that it was untimely filed. In addition, the district court found that the motion was successive because Cooper could have raised the issues on direct appeal. On June 14, 2017, Cooper timely filed a notice of appeal challenging the court's decision to summarily deny his motion.

On June 23, 2017, before his appeal was docketed, Cooper filed a timely and lengthy motion to reconsider. His motion looks more like an amended motion than a request for reconsideration because the substance of the motion not only realleges the issues in the motion but includes additional issues for the district court to consider as well. Specifically, he argued the following:

- He was never read his *Miranda* rights, so any statements made to the arresting officer should have been excluded. He asked the district court to vacate his sentence as to this issue.
- The complaint/information was defective because it was based on false hearsay that the investigating detective obtained and used to compile the probable

5

cause affidavit. He argued that Ruff and another witness provided inconsistent statements, and the investigating detective only relied on Ruff's statements to draft the affidavit. Cooper alleged this inconsistency proved the affidavit was based on false information, and because the affidavit was flawed, so was the complaint. As the other witness was unavailable for trial, Cooper argued he could not properly confront his accuser. As a part of this issue, Cooper also alleged a quasi-*Brady* issue, arguing that the investigating detective was not credible because he was under criminal investigation at the time and that the State had to know the information the detective obtained for the probable cause affidavit was false. See *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). Cooper asked the district court to set aside or vacate his conviction and called for his immediate release because his Fourth, Sixth, and Fourteenth Amendment rights were violated.

- His trial counsel was ineffective for failing to investigate the defective complaint, failing to challenge the *Miranda* violation, failing to move the court for dismissal of the case when the arresting officer admitted he never read Cooper his *Miranda* rights, and failing to argue to suppress Cooper's pre-*Miranda* statements. Notably, Cooper failed to provide any specific facts as to how his trial counsel was deficient and how counsel's alleged deficient performance prejudiced him at trial. Instead of asking for specific relief as to this point, he merely quoted swaths of caselaw about ineffective assistance of counsel claims.

Whether a motion to reconsider or an amended motion, however, Cooper again failed to cite within it any reason explaining why he did not file his motion within the one-year time limit or make any claim of actual innocence as required by K.S.A. 2019 Supp. 60-1507(f)(2)(A) to establish the manifest injustice necessary to extend the one-year time limit. Instead, he conceded that his case was properly labeled as a K.S.A. 60-1507 action and argued that he met all of the requirements outlined in the statute.

On August 23, 2017, the district court denied Cooper's motion to reconsider. The district court again found that Cooper's K.S.A. 60-1507 motion was untimely filed and successive and that Cooper cited to the incorrect affidavit standards. But the district court also held that it did not have jurisdiction to rule on the motion to reconsider because Cooper's appeal of its original decision already had been docketed with the appellate court. Cooper filed a second notice of appeal.

ANALYSIS

A district court has three options when handling a K.S.A. 60-1507 motion: (1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). Where, as here, the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

The heart of Cooper's claim on appeal is that the district court should not have summarily denied his K.S.A.60-1507 motion as untimely because it was obvious from the motion that there were pages missing. Cooper first asserts that the district court erred in failing to notify him of the defect instead of dismissing it. Cooper next asserts that the district court erred by summarily denying his motion before he had an opportunity to amend his motion as a matter of right. Finally, Cooper asserts the district court erred by summarily denying his motion without reviewing the missing pages because those pages

7

could have established the manifest injustice necessary to make an exception to the one-year time deadline.

*Failure to notify*

Cooper cites no authority for his assertion that the district court had a duty to notify him of a possible defect in his motion after he filed it. In fact, the statute itself and cases construing the statute hold otherwise. To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing he or she is entitled to an evidentiary hearing. See K.S.A. 2019 Supp. 60-1507(b) (court must grant movant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). To meet this burden, a movant's contentions must be more than conclusory, and the movant must either set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]). Of course, part of this burden is to ensure that the movant's pleadings and the evidentiary record are complete and accurate when filing the motion with the district court, which Cooper failed to do here.

*Amend as a matter of right*

Cooper similarly cites no authority for his claim that the district court erred in summarily dismissing his motion one day before he could have amended his motion as a matter of right under K.S.A. 2019 Supp. 60-215. We begin by noting that K.S.A. 2019 Supp. 60-215, the statute upon which Cooper relies, refers to amendment of a "pleading." K.S.A. 60-1507, however, is a proceeding launched by a "motion." *Thompson v. State*, 293 Kan. 704, 711, 270 P.3d 1089 (2011). Our Supreme Court, however, has

> "admitted that Rule 183(a) (2010 Kan. Ct. R. Annot. 255) tended to obscure the technical
> distinction between the terms [pleading and motion] by stating that a K.S.A. 60-1507

8

motion constituted 'an independent civil action which should be separately docketed.' This blurred distinction meant that a K.S.A. 60-1507 motion could be treated as a 'pleading' within the meaning of K.S.A. 60-215." *Thompson*, 293 Kan. at 711-12 (quoting *Pabst v. State*, 287 Kan. 1, 23, 192 P.3d 630 [2008]).

So the amended and supplemental pleading provisions set forth in K.S.A. 2019 Supp. 60-215 apply to a motion filed under K.S.A. 60-1507. But neither of the time periods in which K.S.A. 2019 Supp. 60-215(a) authorizes amendment as a matter of right are applicable here:

> "(a) *Amendments before trial*. (1) *Amending as a matter of course*. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it; or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under subsections (b), (e) or (f) of K.S.A. 60-212, and amendments thereto, whichever is earlier."

Specifically, (A) Cooper filed his motion with the court but did not serve it on the respondent, and (B) the State was not required to file a responsive pleading to his motion. Bottom line, the district court did not err in summarily dismissing his petition one day before he could have amended his petition as a matter of right under K.S.A. 2019 Supp. 60-215 because Cooper was not entitled to amend his petition as a matter of right in the first place. See *Pabst*, 287 Kan. 1, Syl. ¶ 6 (holding the provision of K.S.A. 60-215[a] providing party right to amend pleading once as a matter of course at any time before responsive pleading is served does not apply to motion for relief under K.S.A. 60-1507).

9

*Manifest injustice*

    *Jurisdiction:  motion to reconsider*

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Ponds v. State*, 56 Kan. App. 2d 743, 745, 437 P.3d 85 (2019). This court's jurisdiction is further limited only to matters identified in the notice of appeal. *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 293 Kan. 633, 637, 270 P.3d 1074 (2011).

The district court held that it did not have jurisdiction to rule on the motion to reconsider because Cooper's appeal of its original decision already had been docketed with the appellate court. The record, however, reveals that Cooper's appeal was not docketed until July 30, 2019:

| | |
|---|---|
| 05-22-17: | District court summarily denied K.S.A. 60-1507 motion. |
| 06-14-17: | Cooper filed notice of appeal. |
| 06-23-17: | Cooper filed motion to reconsider. |
| 08-23-17: | District court denied motion to reconsider for lack of jurisdiction. |
| 09-19-17: | Cooper filed notice of appeal. |
| 07-30-19: | Cooper's motion to docket out of time granted (both 05-22-17 decision and 08-23-17 decision). |

Although the district court's reason for denying Cooper's motion to reconsider were flawed, the discussion below readily establishes that the conclusion it reached was correct.

*Merits*

K.S.A. 2019 Supp. 60-1507(f) provides:

"(1) Any action under this section must be brought *within one year of*:

(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

(A) For purposes of finding manifest injustice under this section, *the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence*. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." (Emphases added.)

Because Cooper filed his K.S.A. 60-1507 motion after the 2016 amendment to subsection (f) went into effect, he had to file his K.S.A. 60-1507 motion within one year of the appellate court's final order or within one year after the denial of a petition for writ of certiorari to the United States Supreme Court. The final appellate order in Cooper's case was filed on September 25, 2008. Cooper never filed a petition for writ of certiorari. Because he did not file his K.S.A. 60-1507 motion until May 2, 2017, his motion is untimely. Nevertheless, Cooper made no argument in his original motion as to manifest injustice—only that the missing pages *could have* shown manifest injustice. And even though the district court denied his original motion on grounds that he failed to make a claim of the manifest injustice required to excuse his untimely filing, Cooper again made no claim of manifest injustice in his expanded and lengthy motion to reconsider.

Simply put, K.S.A. 2019 Supp. 60-1507(f)(3) requires a district court to summarily dismiss an action as untimely filed if a movant fails to establish manifest injustice. Because Cooper failed to allege manifest injustice in either his original motion or his motion to reconsider, the district court was required to dismiss Cooper's petition. We find no error in the district court's decision to summarily deny Cooper's K.S.A. 60-1507 motion and to deny his motion to reconsider.

Affirmed.

12